UNITED STATES

v.

Master Sergeant Emanuel MILLER, Jr.,
FR 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 United States
Air Force.

ACM 23377.

U. S. Air Force Court of Military Review.

Sentence Adjudged 28 Oct. 1981.

Decided 25 June 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Alexander S. Nicholas.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

DECISION

MAHONEY, Judge:

Contrary to his pleas, the accused was convicted of three offenses of carnal knowledge against his 14-year-old daughter, and divers offenses of sodomy and incestuous sexual intercourse with his 19-year-old daughter, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 934. The approved

sentence extends to a dishonorable discharge, confinement at hard labor for ten years, and reduction to airman basic. We have considered the issues raised in the assignments of error and resolved them adversely to the accused. However, one other matter in the record warrants discussion.

On numerous occasions during the trial, court members propounded questions for the witnesses. Following the procedure suggested in Mil.R.Evid. 614(b), the questions were submitted in writing to the military judge. Counsel were afforded the opportunity tò object to the questions. Most of the questions were allowed, although based upon his comments in the record, we infer that the military judge modified many of them to elicit more directly the information he believed the members were seeking. Only two of the written questions were attached to the record as appellate exhibits.

One question, ruled irrelevant by the military judge, was read into the record, with the court members present. The remaining questions, including three others disallowed by the military judge, were not made a part of the record.

■ The threshold question for our consideration is whether the failure to preserve the substance of the proposed questions represents a material omission in the record. In resolving that question, we recognize that the court members' unvocalized questions constitute a form of unrecorded communication. Yet, as with facial gestures and body language, the failure to record them does not detract from the verbatim status of the transcript. *See, United States v. Eichenlaub,* 11 M.J. 239 (C.M.A.1981); *see also, United States v. Eubank,* 12 M.J. 752 (A.F.C.M.R.1981). Although those written questions were omitted from the record of trial, we are satisfied that the omission is immaterial because the accused's counsel

examined each one, and failed to request that any of them be attached. Moreover, the written questions themselves could provide no evidence in support of the accused's conviction, and thus their omission from the record is not material. *See, United States v. McCullah,* 11 M.J. 234 (C.M.A.1981).

Our second concern stemming from the procedural error in failing to make a court member's question a part of the record is that the member was not told why the question was inappropriate, and the remaining members were left to speculate both as to the nature of the question and the reason for its disallowance. This sort of speculation, lingering in the minds of the members, may have the untoward effect of distracting the fact finders from their primary function of listening to testimony and weighing credibility. *United States v. Helton,* 10 M.J. 820, 824 (A.F.C.M.R.1981). Moreover, if nothing further is said, a danger exists that the court members will discuss the question and the ruling in closed session and improperly consider them.

■ In the case before us, there is no indication from the context in which they were asked that the unpreserved questions, which were modified or disallowed by the military judge, were of such a nature as to require corrective instructions to the members. Likewise, there has been no extra-record assertion of impropriety in this regard. Absent such indications, we will not infer prejudice to this accused. Nonetheless, we believe it appropriate to require, in Air Force courts-martial tried on and after the date of this decision, that all questions posed by court members be made a part of the record.

■ If the military judge chooses to require the members to pose questions in writing,[1] they may be attached to the rec-

---

1. We are aware that Mil.R.Evid. 614(b) states:
   Members shall submit their questions to the military judge in writing so that a ruling may be made on the propriety of the questions or the course of questioning and so that questions may be asked on behalf of the court by the military judge in a form acceptable to the military judge.

In the analysis, the drafters state that: "This change in current practice [permitting oral questions by members] was made in order to improve efficiency and to prevent prejudice to either party." Manual for Courts Martial, 1969 (Rev.), Change 3, 1 Sept. 1980, Appendix 19–94.

ord as appellate exhibits or read verbatim into the record.[2] Following the military judge's ruling upon the question, if required, the original question, or the judge's modified version thereof, may be answered by the witness. If the question is disallowed, either before the members, or in an out-of-court hearing, a brief explanation of the reason (and, if required, a corrective instruction) *may* be given to the members.

On the basis of the entire record, the findings of guilty are correct in law and fact. As to the approved sentence, we find appropriate only so much thereof as provides for a dishonorable discharge, confine-

ment at hard labor for six years, and reduction to airman basic. The sentence, as modified herein, and the findings of guilty are

AFFIRMED.

POWELL and KASTL, Senior Judges, concur.

In our view, the new rule improves efficiency only to the extent that it discourages questions by court members, and, as pointed out in the text, it may cause more prejudice than having even the most outrageous question asked, because it is less likely that an appropriate explanation, corrective instruction or voir dire of the member will follow. Recognizing full well that the President is authorized to prescribe rules for the trial of courts-martial, Article 36, Uniform Code of Military Justice, 10 U.S.C. § 836, we believe that adherence to this rule to the extent of keeping disallowed questions secret from the remaining court members may result in far greater prejudice than disclosing the question and, if necessary, giving the basis for its disallowance and a corrective instruction. That being the case, we believe the initial requirement that the question be in writing is an elevation of form over substance. Consequently, the trial judge, in his discretion, may permit oral questions by the court members.

2. Reading the question aloud has the advantage of dispelling speculation by the other court members; addressing unasked questions in the minds of other members; allowing the judge to explain the disallowal of the question if he deems it appropriate, reducing bulk in the form of appellate exhibits; and simplifying review by appellate authorities. This procedure would suffice in any trial where the trial proceedings are recorded verbatim. If a summarized record results, the substance of the question should be apparent from the context of the witness' answer, or if the question is disallowed, its substance should be summarized in conjunction with the judge's ruling. In either event, the capability for verbatim transcription of the question would be preserved throughout the appellate process. Paragraph 6–18, Air Force Manual 111–1, Military Justice Guide, dated 2 July 1973.