UNITED STATES, Appellee,

v.

**Michael D. STURDIVANT, Private First Class, U.S. Marine Corps, Appellant.**

**No. 31,115.**

U. S. Court of Military Appeals.

Jan. 9, 1976.

*Lieutenant Robert A. DiBiccaro,* JAGC, USNR, and *Lieutenant Stephen T. Myking,* JAGC, USNR, were on the pleadings for Appellant, Accused.

---

6. Our resolution of the first granted issue makes it unnecessary to address the second assignment of error.

*Lieutenant Colonel P. N. Kress*, USMC, and *Lieutenant Commander Harvey E. Little*, JAGC, USN, were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

### PER CURIAM:

The accused contends that certain summaries of the trial proceedings, in the form of notes by the reporter, render the transcript of trial significantly nonverbatim and, consequentially, invalidate the bad-conduct discharge imposed by the court-martial. Article 19, Uniform Code of Military Justice, 10 U.S.C. § 819; *United States v. Whitney*, 23 U.S.C.M.A. 48, 48 C.M.R. 519 (1974). Reviewing the contention, the Court of Military Review concluded that the verbatim portion of the proceedings, before and after each note, provided "a sufficient statement" of each unrecorded "event" as to make the entire transcript "substantially verbatim," and thereby satisfied the requirements of Article 19.

▮ Among other things, the reporter noted that a bench conference was held between the trial judge and counsel, with the accused present. The conference is unrecorded. Not every sidebar conference must be recorded verbatim, but one involving a ruling by the judge affecting rights of the accused at trial must be fully recorded if the transcript is to be verbatim. *United States v. Richardson*, 21 U.S.C.M.A. 383, 45 C.M.R. 157 (1972); Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 39c.

Before the unrecorded conference, with a number of interruptions by the trial judge because of apprehended inappropriateness of the questions, defense counsel examined the court members for possible challenge. Trial counsel then collected a questionnaire that had been completed by each member, as a means of expediting the voir dire and which contemplated that the questions would not be "reasked." Immediately thereafter, the conference was held. At its conclusion, the reporter noted, "[t]here was no challenge for cause by either counsel," and that a peremptory challenge was entered by the defense counsel.

▮ The sequence of events reasonably indicates that the unrecorded discussion dealt with the problem of challenge of the court members. That subject is "substantial" and requires verbatim transcription. *United States v. Weber*, 20 U.S.C.M.A. 82, 42 C.M.R. 274 (1970); *see also United States v. Boxdale*, 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973). It may be true, as the Court of Military Review determined, that the substance of the discussion can reasonably be ascertained; and, further, from the fact of the absence of any complaint, it may be inferred that defense counsel perceived no legal error during the discussion. However, we are not concerned with the sufficiency of the record for the purpose of review in constitutional terms,[1] but with the command of Article 19, UCMJ, 10 U.S.C. § 819. Inclusion of the substance of a portion of the record of proceedings dealing with material matter is not a verbatim transcript of the record within the meaning of the article.

The decision of the Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy for resubmission to it. In its discretion, the court can reassess an appropriate sentence that does not include a bad-conduct discharge, or it can remand the record to trial to the convening authority for further proceedings consistent with this opinion.

---

1. *Mayer v. Chicago*, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971); *United States v. Thompson*, 22 U.S.C.M.A. 448, 47 C.M.R. 489 (1973).