UNITED STATES, Appellee,

v.

James GRAY, Private, U. S. Army, Appellant.

No. 33,459.
CM 431771.

U. S. Court of Military Appeals.

Aug. 27, 1979.

For Appellant: *Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock, Captain Demmon F. Canner, Captain Larry C. Schafer* (on brief); *Colonel Alton H. Harvey.*

For Appellee: *Colonel Thomas H. Davis, Major John T. Sherwood, Jr., Captain Clement L. Hyland, Captain Gary F. Thorne* (on brief).

Opinion of the Court

PER CURIAM:

At the appellant's court-martial upon 7 specifications alleging robbery, in violation of Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922,[1] the issue of identi-

1. The appellant was convicted of 6 of these specifications, one by exceptions and substitu-

tions, and was sentenced to a dishonorable discharge, confinement at hard labor for 5

fication of the appellant as one of the perpetrators developed as the primary basis of defense. Seven days after the last incident in question, Agent Robinette of the local field office of the Army Criminal Investigation Division (CID) conducted a lineup which included the appellant, at which, he testified, one of the victims—Private Franks—identified the appellant as one of his robbers. During the direct examination of Agent Robinette, the prosecutor sought to introduce into evidence two pictures of the lineup. Upon objection by the defense, the military judge inquired of trial counsel the purpose of the proffer, to which the latter responded that he simply wanted "to show that the lineup was conducted and which man Franks identified at that time." The defense counsel's objection was sustained. Subsequently, the prosecuting attorney asked Agent Robinette if he recalled what the appellant was wearing during the lineup. Again the defense objected "to the relevance of this line of questioning" and, again, the objection was sustained.

After both sides rested their cases, the president of the court indicated to the judge that he had a question: "How was the accused dressed—military or civilian clothing—at the time of the identification from the lineup?" At this point, the record reflects that an unrecorded side-bar conference was held.[2] An affidavit of the defense counsel reveals that at the conference, he objected to the admissibility of the pictures, just as he had earlier in the trial, but that the judge informed him that he believed they were admissible but that defense counsel could object to their authenticity. Defense counsel states that he had no objection to their authenticity, but that he continued to object to their being admitted into

evidence. After the conference, the two pictures of the lineup were admitted into evidence and were delivered to the court members.

The appellant now contends that this omission from the transcript renders the record nonverbatim within the meaning of Article 54, Uniform Code of Military Justice, 10 U.S.C. § 854, and that the sentence must be adjusted so as not to include a punitive discharge or confinement in excess of 6 months. See Article 19, UCMJ, 10 U.S.C. § 819. Under the circumstances of this case, we agree that corrective action is required.

■ Article 54(a) provides:

Each general court-martial shall keep a separate record of the proceedings in each case brought before it.

This Court consistently has interpreted Article 54(a) to require such proceedings to be substantially verbatim. *United States v. Douglas*, 1 M.J. 354 (C.M.A.1976); *United States v. Webb*, 23 U.S.C.M.A. 333, 49 C.M.R. 667 (1975); *United States v. Boxdale*, 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973); *United States v. Nelson*, 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953); *see United States v. Weber*, 20 U.S.C.M.A. 82, 42 C.M.R. 274 (1970); *cf. United States v. Sturdivant*, 1 M.J. 256 (C.M.A.1976). Of course, "[i]nsubstantial omissions from a record of trial do not affect its characterization as a verbatim transcript. *United States v. Donati*, 14 U.S.C.M.A. 235, 34 C.M.R. 15 (1963); *United States v. Nelson*, 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953)." *United States v. Boxdale, supra* at 415, 47 C.M.R. at 352 (1973). Therefore, as the Government put it in its brief in this Court:[3]

---

years, and forfeiture of all pay and allowances. The convening authority approved this, but the United States Army Court of Military Review set aside this action and ordered a new review and action by a different staff judge advocate and convening authority, respectively. In the new action, the convening authority approved the findings and only so much of the sentence as extended to a dishonorable discharge, confinement at hard labor for 4 years, and forfei-

ture of all pay and allowances. The Court of Military Review affirmed.

2. In her affidavit, the court reporter states that when she noticed counsel approaching the bench, she rose from her seat with her equipment to transcribe the conference, but the judge motioned her back to her seat.

3. Brief on Behalf of the United States under Rule 43, p. 5.

[T]he key consideration in the case at bar is whether the failure to record this particular side-bar conference is a substantial omission from the record of trial which renders it non-verbatim within the meaning of Article 54, Uniform Code of Military Justice.

Within these guidelines, it cannot be controverted that "[n]ot every sidebar conference must be recorded verbatim, but one involving a ruling by the judge affecting rights of the accused at trial must be fully recorded if the transcript is to be verbatim. *United States v. Richardson*, 21 U.S.C.M.A. 383, 45 C.M.R. 157 (1972); Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 39*c*." *United States v. Sturdivant, supra* at 257. The case at bar would seem to fall within this admonition. However, the Government seeks to escape its application in this case on three bases. The first two are related. Initially, the Government contends that nothing really has been lost from the proceedings because the defense counsel's affidavit sets forth the subject matter that was discussed at the sidebar conference. Second, the defense counsel's objection to the admissibility of the exhibits had preserved the issue of their admissibility for appellate review.[4] Similar considerations were urged in *United States v. Sturdivant, supra,* but were rejected. As the Court there pointed out, what is of concern is not the sufficiency of the record for purpose of review, but with the statutory command regarding the type of record that must be made of courts-martial proceedings. "Inclusion of the substance of a portion of the record of proceedings dealing with material matter is not a verbatim transcript of the record." *United States v. Sturdivant, supra* at 257.

Finally, the Government suggests that the testimony of Franks himself at trial provided a sufficient basis for his in-court identification of the appellant which cured any taint which might have attached to the lineup identification. Essentially, the Government here is arguing a lack of prejudice from the transcript omission. But when there is a substantial omission from the record, a presumption of prejudice arises, *United States v. Boxdale, supra; United States v. Bielecki*, 21 U.S.C.M.A. 450, 45 C.M.R. 224 (1972), and since it is the Government which is charged with the responsibility for the preparation of the verbatim transcript, the burden of rebutting that presumption rests with the Government. *United States v. Boxdale, supra.* Here, the Government has not carried its burden. The accuracy of Franks' in-court identification was substantially undermined by the revelation on cross-examination that, during the pretrial investigation, Franks stated that he could not be sure of his identification and that he could not testify in court because he could not be sure that the appellant was his robber.

Concluding as we do that this sidebar conference involved a ruling by the trial judge affecting rights of the accused, the omission of the sidebar from the transcript renders the record nonverbatim within the meaning of Article 54, and the presumption of prejudice flowing therefrom has not been rebutted by the Government.

The decision of the United States Army Court of Military Review is reversed. The record is returned to the Judge Advocate General for remand to the Court of Military Review. In its discretion, the Court either may reassess the sentence to a level not exceeding that permissible in a trial reported by a nonverbatim transcript, or it may remand the record to the convening authority, who may order a rehearing on findings and sentence if practicable.

---

4. As to this latter factor, the trial defense counsel's affidavit, again, must be relied upon by the Government to save the day, for without it no one could say with any certainty that trial defense counsel did not therein waive his earlier asserted objections both to the exhibits themselves and to any evidence showing what the appellant was wearing during the lineup.