UNITED STATES, Appellee,

v.

Michael F. EICHENLAUB, Hull Technician Fireman, U.S. Navy, Appellant.

No. 38,275.
NCM 79 1053.

U. S. Court of Military Appeals.

June 29, 1981.

Appellant: *Commander S. Gaeta, Jr., JAGC, USN* (argued).

Appellee: *Lieutenant J. S. Van Winkle, JAGC, USNR* (argued); *Commander T. C. Watson, Jr., JAGC, USN* (on brief).

*Opinion of the Court*

PER CURIAM:

Pursuant to his pleas, the appellant was convicted by a special court-martial of an absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886.[1] Following announcement of findings, the presentencing phase of the trial began. After trial counsel had introduced four prosecution exhibits and defense counsel had introduced seven defense exhibits, the appellant testified in his own behalf. He sought to explain his unauthorized ab-

---

1. The record reflects that the appellant was sentenced to a bad-conduct discharge, confinement at hard labor for 2 months, and reduction to the lowest enlisted grade. The reviewing authorities approved these results and the United States Navy Court of Military Review affirmed.

sence, and he asked the court to allow him to continue to serve in the Navy. Finally, the appellant's supervisor testified about his exposure to the appellant, both as a person and as a service member; he, too, asked that the appellant be given another chance to serve and he explained his reasons for doing so. After both counsel had presented their arguments to the bench, the military judge closed court to deliberate on an appropriate sentence.

When court reopened, the military judge began to explain his rationale for the sentence he was about to impose. After identifying several specific factors in the appellant's favor which he had considered, the following excerpt from the record completes the trial proceedings:

REPORTERS NOTE: (The remainder of the record is reconstructed from notes and recollections of the military judge, trial counsel, defense counsel, and the court reporter.)

The military judge also stated that, on the other hand, he had also considered the prior disciplinary record of the accused and the nature of the present offense.

The military judge further stated that, from the evidence, it appeared that the accused had the ability to be a hard worker and was skilled. The question was whether the accused was reliable, and it seemed that the accused could be reliable and an asset to the Navy if he wanted to be.

The military judge stated that in assessing the prior disciplinary record of the accused the military judge had weighed very carefully the testimony of Petty Officer Dohoney.

The military judge announced that the accused was sentenced:

To be confined at hard labor for two months;

To be reduced in rate to pay grade E–1; and

To be discharged from the naval service with a bad conduct discharge.

The military judge then stated that in view of the mitigation, he recommended that the convening authority suspend the

bad conduct discharge for an appropriate period.

After viewing Appellate Exhibit 2, the military judge stated that it was his interpretation of the pretrial agreement that the sentence limits of the pretrial agreement did not effect [sic] the maximum sentence which could be approved by the convening authority.

The trial counsel, defense counsel and the accused agreed with the military judge's interpretation of the pretrial agreement.

The military judge stated that Appellate Exhibit 2 would be attached to the record of trial and adjourned the court.

The court adjourned at 1210 hours, 15 December 1978.

■ It is apparent to us that the matters discussed at trial, as reflected in the summarization quoted above, are not insubstantial. The sentence announced; the concomitant recommendation that a portion thereof be suspended; and the ruling by the military judge—concurred in by the accused and by counsel for both sides—that the sentence would not be affected by the pretrial agreement, in compliance with this Court's ruling in *United States v. Green*, 1 M.J. 453 (C.M.A.1976), could hardly be viewed otherwise. Accordingly, the omission from the record of the word-for-word account of this portion of the proceedings renders the record both nonverbatim and incomplete. *See United States v. McCullah*, 11 M.J. 234 (C.M.A.1981); *United States v. Gray*, 7 M.J. 296 (C.M.A.1979); *United States v. Sturdivant*, 1 M.J. 256 (C.M.A. 1976); *United States v. Boxdale*, 22 U.S.C. M.A. 414, 47 C.M.R. 351 (1973).

■ Nonetheless, under the circumstances of this case and in consideration of the state of the summarization, we conclude that the Government has rebutted the presumption of prejudice flowing from the substantial omission. *Cf. United States v. McCullah, supra; United States v. Gray, supra; United States v. Boxdale, supra.* At this stage of the trial, where testimony and legal rulings are not involved, the sub-

stance, rather than the exact words uttered by the judge, was critical to the accused's rights. Here the summarization meticulously details what matters were discussed. The substance of the sentence adjudged is clearly set out, as is the fact that the military judge recommended that a portion of that sentence—namely, the discharge—be suspended.[2] The accuracy of the judge's conclusion that the sentence would not be affected by the pretrial agreement is easily ascertained by our examination of the agreement itself. Finally, we place some reliance on the fact that the summarization of this brief segment of the proceedings was the product of the effort by all the trial participants involved—the court reporter, both counsel, and the military judge—without the slightest hint anywhere in the record that there was any disagreement in any of these quarters as to the accuracy and completeness of the summarization.

The decision of the United States Navy Court of Military Review is affirmed.

COOK, Judge (concurring in the result):

I agree with the United States Navy Court of Military Review that the proceedings before the announcement of sentence did not deal with "material matter" which must be recorded verbatim to satisfy the requirement of a "complete" record. *See United States v. Sturdivant*, 1 M.J. 256, 257 (C.M.A.1976). The reconstruction indicates that, before announcing the sentence, the trial judge said that he had considered the nature of the offense and the evidence bearing on the accused's disciplinary record and whether the accused "could be reliable and an asset to the Navy." All the evidence pertaining to these matters was before the judge before he retired to deliberate on the sentence; I do not regard his summarization after he had determined the sentence as material to the case. In respect to the sentence itself, the form in which it appears is that customarily used, and the reporter's note indicates the judge, both counsel, and the reporter concurred that the terms were as announced. The recommendation for suspension is so brief that I have no doubt it, too, is stated as declared by the judge. The matter subsequent to the recommendation for the suspension of the discharge presents no reasonable possibility that accused was prejudiced by recording of the substance of what was said, instead of the exact words uttered.

For the reasons indicated, I join in affirming the decision of the Court of Military Review.

---

2. Prior to the convening authority's action, appellant executed a statement, which is appended to the record of trial, requesting that his bad-conduct discharge not be suspended.