UNITED STATES, Appellee,

v.

Dwight T. LASHLEY, Captain, U. S. Air Force, Appellant.

No. 40693/AF.

ACM 22744.

U. S. Court of Military Appeals.

Aug. 30, 1982.

For Appellant: *Captain Douglas H. Kohrt* (argued); *Colonel George R. Stevens* (on brief); *Colonel Verlin D. Dickman.*

For Appellee: *Captain Michael J. Hoover* (argued); *Colonel James P. Porter* (on brief).

## OPINION OF THE COURT

COOK, Judge:

In this case we are called upon to decide whether a record of trial is verbatim where a portion of a prosecution witness' testimony was reconstructed because of a failure in the recording equipment. We conclude that the record, as reconstructed, is sufficiently verbatim and affirm the findings and sentence.

### I

Appellant stands convicted, contrary to his pleas, of one specification of absence without leave, one specification of forgery, three specifications of signing and three of making false official records, and two specifications of larceny, in violation of Articles 86, 123, 107 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 923, 907, and 921, respectively. His approved sentence extends to dismissal from the service and confinement at hard labor for 3 months.

Appellant was a nurse anesthetist. A crucial trial issue was whether appellant had forged or wrongfully prepared certain hospital records. An FBI agent, who was qualified as an expert documents examiner, testified for the Government. On direct examination, the agent expressed his opinion that certain entries on prosecution exhibits were made by appellant. On cross-examination, trial defense counsel elicited

testimony from the witness that, prior to trial, the defense had submitted a number of writing samples to the witness (one of which was apparently made by appellant) and that the witness was unable to identify the writer of any of the samples. On re-direct examination, trial counsel asked the agent to explain why he was unable to identify appellant's handwriting from the defense samples.

At this point, the recording equipment began to malfunction. Apparently the tape would momentarily stick, and then start up again. After a time, the court reporter discovered the malfunction, requested a recess, and brought the matter to the attention of trial counsel, who in turn notified the military judge and opposing counsel. Trial defense counsel moved for a mistrial, but the military judge withheld ruling on the motion and continued the examination of the witness using alternate equipment. After the witness completed his testimony, the judge recessed the court-martial for the evening. During the recess, the court reporter prepared, at the military judge's direction, a transcript of the audible portions of the affected testimony.

The next day, the military judge conducted a session pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a), for the purpose of determining the proper course of action. He reviewed the partial transcript which had been prepared, consisting of four pages in "fill-in-the-blank" format, and noted that trial counsel retained the list of questions asked the witness in "substantially verbatim" form. Due to the availability of these aids and because the witness was present to assist, the military judge denied the motion for mistrial and elected to commence reconstruction of the record. Over two hours were spent by the parties on the effort. At the conclusion, the military judge opined that "while detail as to words may be lacking, the court finds that there is no doubt that the substance of the redirect exam is now in the record." Accordingly, he again denied appellant's motion for mistrial.

Upon its review, the Air Force Court of Military Review was also "convinced that this transcript is sufficiently complete for a verbatim record." *United States v. Lashley*, 11 M.J. 736, 737–38 (A.F.C.M.R.1981).

## II

■ The Uniform Code of Military Justice does not speak in terms of a verbatim record. Article 54(a), UCMJ, 10 U.S.C. § 854(a), provides merely that:

> Each general court-martial shall keep a separate record of the proceedings in each case brought before it, and the record shall be authenticated by the signature of the military judge.

However, the legislative history clarifies the Congressional purpose: "It is intended that records of general courts-martial shall contain a verbatim transcript of the proceedings." Index and Legislative History, Uniform Code of Military Justice, H.R. 27 [1] and S.R. 24.[2] *See also United States v. Gray*, 7 M.J. 296 (C.M.A.1979); *United States v. Sturdivant*, 1 M.J. 256 (C.M.A. 1976); *United States v. Boxdale*, 22 U.S.C. M.A. 414, 47 C.M.R. 351 (1973); *United States v. Nelson*, 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953); para. 82b(1), Manual for Courts-Martial, United States, 1969 (Revised edition).

■ Verbatim means: "Word for word; in the same words." *United States v. Nelson, supra* at 486, 13 C.M.R. at 42. Nevertheless, we have from the beginning recognized that literal compliance with this requirement is impossible. Accordingly, we have interpreted Article 54(a) to require that such records "be substantially verbatim." *United States v. Gray, supra* at 297. *See United States v. Nelson, supra.* "Insubstantial omissions from a record of trial [, therefore,] do not affect its characterization as a verbatim transcript." *United States v. McCullah,* 11 M.J. 234, 236–37 (C.M.A.1981); *United States v. Gray, supra* at 297; *United States v. Boxdale, supra; United States v. Donati*, 14 U.S.C.M.A. 235,

1. H.R.Rpt.No.491, 81st Cong., 1st Sess. (1949).

2. S.Rpt.No.486, 81st Cong., 1st Sess. (1949).

34 C.M.R. 15 (1963); *United States v. Nelson, supra.* Substantial omissions, on the other hand, give rise to a presumption of prejudice. *United States v. Boxdale, supra* at 415, 47 C.M.R. at 352. Moreover, substantial omissions may be qualitative as well as quantative. *United States v. Eichenlaub*, 11 M.J. 239, 240–41 (C.M.A.1981); *United States v. Sturdivant, supra.*

Sometimes the omissions are so substantial that the only remedy is a new trial. *See United States v. Boxdale, supra; United States v. Schilling*, 7 U.S.C.M.A. 482, 22 C.M.R. 272 (1957); para. 82*i*, Manual, *supra.* At other times, the omitted material is sufficiently retrievable that a record can be salvaged and pronounced "substantially verbatim." *See United States v. Eichenlaub* and *United States v. Nelson*, both *supra.* In at least one case we found that "any possibility of prejudice to the accused" was "obviat[ed]," where the military judge simply began the proceedings anew after an equipment failure. *United States v. Platt*, 21 U.S.C.M.A. 16, 18, 44 C.M.R. 70, 72 (1971). *See also United States v. English*, 50 C.M.R. 824 (A.F.C.M.R.1975). Obviously, individual factors will govern.

Our first task, then, is to ascertain whether the omitted material was "substantial," either qualitatively or quantitatively. If it was, we must also determine whether the presumption of prejudice that attached has been overcome.

■ There is no question here but that the omissions were qualitatively substantial inasmuch as they related directly to the sufficiency of the Government's evidence on the merits. In addition, the omissions were of such length that the testimony could not ordinarily have been recalled with any degree of fidelity. Normally under these circumstances, we would have expected to find a reconstruction effort wanting. However, due to the unusual combination of factors present, *i.e.*, the prompt and thorough remedial action taken, the assistance of the witness, and the availability of both the questions asked and the skeletal transcript, we are satisfied that this record, as reconstructed, is "substantially verbatim." Thus, the requirements of the Uniform Code of Military Justice and the Manual for Courts-Martial have been satisfied and the presumption of prejudice has been overcome.

Accordingly, the decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT and Judge FLETCHER concur.