**UNITED STATES**

v.

**Airman First Class Salvatore A. DESCISCIO, FR 048–68–2904, United States Air Force.**

**ACM 25088.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 9 Aug. 1985.

Decided 8 May 1986.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Captain Deborah J. Hudspeth and Captain John V. Sullivan, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Marc Van Nuys.

Before SESSOMS, MURDOCK and CARPARELLI, Appellate Military Judges.

## DECISION

CARPARELLI, Judge:

 The appellant was found guilty of distributing cocaine. The approved sentence includes a dishonorable discharge, confinement for twenty months, forfeiture of all pay and allowances, and reduction to airman basic. Appellate defense counsel complain that the military judge ruled on a defense objection in an unrecorded sidebar conference. They argue that the the record of trial is, thus, not substantially verbatim as required by Article 54, Uniform Code of Military Justice, 10 U.S.C. § 854, as that provision has been interpreted in light of its legislative history. *See, e.g., United States v. Lashley,* 14 M.J. 7 (C.M.A. 1982); *United States v. Gray,* 7 M.J. 296 (C.M.A. 1979); and *United States v. Sturdivant,* 1 M.J. 256 (C.M.A. 1976). Government counsel concede that the record is not "substantially verbatim", but argue that the presumption of prejudice has been rebutted by a clear and convincing showing that the prejudice has been ameliorated. *United States v. Eichenlaub,*

11 M.J. 239 (C.M.A. 1981); and *United States v. Boxdale,* 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973). We find the record is not substantially verbatim because it provides no account of the sidebar conference regarding appellant's objection. We also find that the government has not rebutted the presumption of prejudice.

The pertinent portion of the record reads as follows:

Q. All right, what happened after you told him this "snow bunny" story?

A. Well, normally if I told someone that story I would feel like I was close enough to ask them about drugs. But I didn't feel like he trusted me enough. So I told Special Agent McBride this and, from information that I had supplied him before, we had made up a story that Airman Desciscio had gone over to this guy named Tim's room, lived in the barracks ...

DC: Your Honor, I'm going to have to object to this and request a brief out-of-court hearing—out-of-board hearing.

MJ: Will counsel for both sides approach the bench?

RPTR: Will this be a recorded side bar?

MJ: Unrecorded side bar.

(Trial counsel, assistant trial counsel, defense counsel and military judge hold a side bar discussion out of the hearing of the parties present.)

MJ: There was an unrecorded side bar between the Judge and the trial counsel and defense counsel.

TC: May I continue, Your Honor?

MJ: Yes, you may.

Questions continued by Trial Counsel:

Q. Airman Deal, we were at the point where you said you told Agent McBride you didn't feel close enough and that you and Agent McBride were talking. Now what was that conversation about?

A. That conversation was about some information that I had told Special Agent McBride about earlier, about July of '83.

■ Because the sentence in this general court-martial includes a punitive discharge and confinement and forfeitures greater than could be given by a special court-martial, a verbatim record is required. Article 54(a), U.C.M.J.; and R.C.M. 1103(b)(2)(B). The record before us reveals that trial defense counsel objected during direct examination of Airman Deal. It does not indicate that he objected when the military judge decided to proceed off the record. Notwithstanding R.C.M. 801(g), we have concluded that the requirement for a verbatim record is jurisdictional and, therefore, was not waived by counsel's failure to object to the procedure.[1] *See United States v. Whitney,* 23 U.S.C.M.A. 48, 48 C.M.R. 519 (1974).

As a result of the judge's decision to proceed unrecorded, the record of trial does not reveal the nature of the appellant's objection, the specific testimony which was in dispute, or the ruling of the military judge. These omissions harm the appellant by failing to preserve his objection and the judge's ruling for appellate review. *See United States v. Thompson* 22 U.S.C.M.A. 448, 47 C.M.R. 489, 494 (1973). Therefore, although the sidebar conference may have been brief, the quality of the omitted matters was substantial. Given the substantial quality of the omissions, the military judge could not properly invoke R.C.M. 802(a). That rule permits non-verbatim conferences regarding matters that will promote a fair and expeditious trial. Unrecorded rulings regarding objections to testimony do not promote a fair trial. *United States v. Lashley,* 14 M.J. 7, 8–9 (C.M.A. 1982); *see* R.C.M. 801(f); *United States v. Gray,* 7 M.J. 296, 297 (C.M.A. 1979); *United States v. Sturdivant,* 1 M.J. 256 (C.M.A. 1976); *United States v. Richardson,* 21 U.S.C.M.A. 383, 45 C.M.R. 157 (1972); and Discussion accompanying R.C.M. 1103(b)(2)(B).

■ Substantial omissions from a verbatim record give rise to a presumption of prejudice. *United States v. Boxdale,* 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973). *See* Article 54(a), U.C.M.J.; R.C.M. 1103(b)(2)(B); *Lashley, supra.* The burden of overcoming this presumption rests with the government. *Boxdale, supra.*

■ In an effort to overcome the presumption of prejudice, the government refers to two affidavits that the staff judge advocate forwarded to this court four months after the trial, copies of which he also sent to trial defense counsel. The disputed omissions from the record occurred on 8 August 1985. The first affidavit is dated 19 November 1985 and reflects the prosecutor's recollection. The second affidavit is dated 9 December 1985 and contains the military judge's recollection. The judge's affidavit states, in pertinent part:

> Since there was no apparent basis for the objection, I conducted a sidebar conference that was unrecorded. Defense counsel explained the answer would involve uncharged misconduct. Trial counsel made an offer of proof that Deal would testify that he convinced the accused they had used drugs together about two years earlier, although they actually had not. This apparently had been instrumental in persuading the accused to procure drugs for Deal later. The defense counsel agreed that that was what Deal would say and that was what he found objectionable. I overruled the objection on the basis that an event that never took place could not be uncharged misconduct, explaining that rationale to counsel, and then told trial counsel he could continue his examination.

The judge's affidavit is not a substantially verbatim reconstruction of the record and does not purport to be such. *Cf. Lashley,* 14 M.J. at 9; *United States v. Eichenlaub,* 11 M.J. 239 (C.M.A. 1981); *Gray, supra; Sturdivant, supra;* and *United States v. Spring,* 15 M.J. 669 (A.F.C.M.R. 1983), *aff'd,* 17 M.J. 436 (C.M.A. 1984).

---

1. R.C.M. 801(g) *Effect of failure to raise defenses or objections.* Failure by a party to raise defenses or objections ... shall constitute waiver thereof....

Consequently, it does not prevent the presumption of prejudice from arising. Indeed, the government has expressly conceded this.

 Instead, the government argues that the two affidavits overcome the presumption of prejudice by demonstrating that: the objection was groundless; if the disputed testimony was inadmissible evidence of the appellant's character, the testimony was overshadowed by other evidence properly admitted under Rule 404(b), Mil. R. Evid.; the evidence was proper rebuttal to appellant's later claim of entrapment; defense counsel was present at the sidebar conference to represent the interests of the appellant; and the affidavits are consistent and, therefore, likely to be accurate enough to permit appellate review.

Trial counsel's affidavit is an unstipulated posttrial representation of a party and, as such, cannot substitute for a properly authenticated record of the trial. The military judge's affidavit confirms that the omitted matters included an important ruling affecting the rights of the appellant. It is not, however, a proper certificate of correction to the record. R.C.M. 1104(d). Given the amount and nature of the omitted matters, the long delay between the trial and the making of the affidavit, and the lack of apparent involvement by the court reporter, the appellant, and trial defense counsel, we doubt that a "substantially verbatim" correction could have been made. Thus, although the affidavits give us some idea of what is missing from the record, the record remains incomplete in terms of Article 54, U.C.M.J., R.C.M. 1103(b)(2)(B), and R.C.M. 801(f) and we are unable to properly review the disposition of defense counsel's objection. *United States v. Gray*, 7 M.J. at 298 and *United States v. Sturdivant*, 1 M.J. at 257. This prejudice has not been removed and the presumption of prejudice has not been rebutted.

 The trial judge in this case saw no apparent basis for the objection and, evidently, viewed the objection as having no possible merit. The ruling of a trial judge, however, is subject to appellate review regardless of the judge's belief that the objection or motion is spurious. Review is impossible when, as in this case, there is no record. Without a substantially verbatim record we cannot properly determine the scope of an objection or motion nor can we give fair hearing to the stated rationale. Therefore, trial judges must protect the accused's right to a complete record whenever they rule on objections or motions. *See* R.C.M. 801(f), 1103, 1104; *cf.* R.C.M. 802(a) (permitting unrecorded conferences to consider matters "as will promote a fair and expeditious trial.")

 We have examined the record of trial and have concluded that no other error materially prejudicial to the substantial rights of the appellant was committed and that the findings of guilty are correct in law and fact. Eight months have passed since trial of this case. The reconstruction of a substantially verbatim record is no longer reasonably possible. Failure to keep a verbatim record renders the trial court without jurisdiction to adjudge a sentence in excess of confinement for six months, forfeiture of two-thirds pay per month for six months, and reduction to airman basic. *See United States v. Whitney*, 23 U.S.C.M.A. 48, 48 C.M.R. 519 (1974). It does not require that we set aside the findings of guilty. We, therefore, approve only so much of the sentence as provides for confinement for six months, forfeiture of $413.00 per month for six months, and reduction to the grade of airman basic.

Accordingly, the findings of guilty and the sentence, as modified, are

AFFIRMED.

SESSOMS, Senior Judge and MURDOCK, Judge, concur.