**UNITED STATES**

v.

**First Lieutenant Mary M. WATTS, 349–44–5346 FV, United States Air Force.**

**ACM 25322.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 Dec. 1985.

Decided 7 Aug. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Charles L. Wille.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Lieutenant Colonel Robert E. Giovagnoni, Captain Marc Van Nuys, Lieutenant Colonel William H. Seckinger, USAFR, and Major Robert J. Webster, USAFR.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

## DECISION

MICHALSKI, Judge:

Appellant was convicted of conduct unbecoming an officer in the theft and possession of narcotics and of attempted theft and possession of narcotics, contrary to her pleas, by a court-martial with members. The approved sentence is dismissal. Of three assigned errors, only the first warrants discussion. It states, "the failure to record Dr. Murphy's original testimony rendered the record non-verbatim, requiring corrective action." We conclude that no prejudicial error occurred.

On 12 December 1985, a prosecution witness, Major (Dr.) Alan R. Murphy, a neurosurgeon, began his testimony on the merits at about 1409 hours and finished shortly before 1420 hours. His testimony described how the appellant approached him for the purpose of obtaining a prescription for a pain reliever. At that point the court reporter notified both counsel and the trial judge that Dr. Murphy's testimony was not recorded because the recording machine was not turned on. The trial judge immediately called an Article 39(a) U.C.M.J., 10 U.S.C. § 839(a) session to resolve this predicament. After discussing possible solutions with both counsel to ensure a substantially verbatim record of the witness' testimony, the trial judge advised both counsel that Dr. Murphy would be immediately recalled and allowed to retestify. The trial judge said he would instruct the members to disregard the initial testimony and to rely on the subsequent testimony. The trial judge further directed that the doctor's original testimony would be reconstructed after the trial with the assistance of the reporter and both counsel. The defense counsel objected to recalling the witness saying in essence that he did not believe the members could follow these instructions. He felt that an immediate reconstruction without the members would be appropriate.

The Article 39(a) session concluded at 1459 hours and the members returned at 1500 hours. The trial judge then instructed them as he told counsel he would. *See United States v. Benoit*, 43 C.M.R. 666 (A.C.M.R.1971). After the trial judge determined that all the members understood the procedure to be followed, Dr. Murphy was recalled and his testimony was again presented to the court. The defense then conducted his cross examination of Dr. Murphy which afforded him ample opportunity to clarify any differences he might have perceived between the doctor's testimony at that time and that which he gave at the earlier session. His initial testimony was reconstructed at some later time and inserted in the record of trial. A certificate of accuracy signed by counsel, the reporter and trial judge is attached to the reconstruction. It is significant that this reconstruction was the product of the joint effort of the trial participants without any question anywhere in the record that there was any disagreement concerning the accuracy and completeness of the reconstruction. *See United States v. Eichenlaub*, 11 M.J. 239 (C.M.A.1981). It is equally significant that none of the trial participants challenged the accuracy of the recorded testimony. *United States v. Eichenlaub, supra*. None of the members asked for a clarification of Dr. Murphy's testimony at any time during the trial. The recorded testimony and the reconstructed version are essentially the same.

Appellant complains that the inadvertent failure to record Dr. Murphy's testimony created a substantial omission from the record thereby creating a presumption of prejudice and that the burden to overcome this presumption rests with the government. We agree. However, we find the presumption of prejudice was overcome by the trial judge's timely and reasonable efforts to successfully recapture the witness' initial testimony. This remedial action satisfied the requirement for a verbatim transcript of the record. R.C.M. 1103(b)(2)(B). *United States v. Lashley*, 14 M.J. 7 (C.M.A. 1982), which interprets Article 54(a) U.C. M.J., 10 U.S.C. 854(a), provides that prompt

and thorough remedial action can in certain circumstances satisfy the requirement for a substantially verbatim record of trial. We find that given all the facts and circumstances of this case, i.e. the prompt recognition of the inadvertent failure to record testimony and the expeditious recapture of that testimony by repeating the earlier testimony, including the inclusion of an authenticated reconstruction of the initial testimony, agreed to by both counsel, which is fundamentally the same as the repeated testimony, clearly demonstrates compliance with R.C.M. 1103(b)(2)(B), and case law, *United States v. Lashley, supra,* at 9.

Having examined the two remaining assignments of error and the government's response thereto we deem them without merit. The findings of guilty and the sentence are correct in law and fact and no errors materially prejudicial to the substantial rights of the appellant were committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Chief Judge HODGSON and Senior Judge FORAY, concur.