UNITED STATES

v.

Staff Sergeant Terrence W. BARNEY, FR 562–13–0289, United States Air Force.

ACM S27102.

U.S. Air Force Court of Military Review.

4 Sept. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Deborah J. Hudspeth.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Lieutenant Colonel Robert E. Giovagnoni and Major Mark C. Ramsey, USAFR.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The appellant was convicted of assault, disrespect to a superior commissioned officer and disorderly in station. He was sentenced to a bad conduct discharge and reduction to airman first class.

Appellate defense counsel argue that the record of trial is not substantially verbatim and thus will not support a sentence that includes a punitive discharge. R.C.M. 1103(b)(2)(B); R.C.M. 1103(c)(1). This claim of error is based on a malfunctioning of the court reporter's equipment which did not record the proceedings surrounding a defense motion to dismiss for lack of jurisdiction, i.e., the staff judge advocate referral of the case to trial instead of the convening authority.

 The requirement for a verbatim transcript is one that is *substantially verbatim.* Missing unrecorded testimony can be reconstructed so as to make the record verbatim, but where the omission is substantial a presumption of prejudice arises and the burden is on the Government to rebut the presumption. *United States v. Desciscio,* 22 M.J. 684 (A.F.C.M.R.1986) and cases cited therein.

On appeal the government contends that the missing portions of the record dealing with the motion to dismiss are not material as the motion itself is a part of the record with only the arguments not being available in verbatim form.

 We consider a jurisdictional challenge to be a substantial material matter that must be recorded verbatim. There-fore, we must look to the record to determine if the reconstructed portion is substantially verbatim so as to overcome the presumption of prejudice.

 As near as can be gleaned from the record and allied papers the trial counsel and the military trial defense counsel "reconstructed" the missing portion of the trial on 25 February, approximately six days after the court adjourned. Apparently, the reconstructed record was accomplished by counsel dictating their recollections of the missing portions into a recorder. A manuscript was later typed and inserted in the record. Neither counsel was certain what was said, and the civilian lawyers who also represented the appellant were not asked to assist in the "reconstruction" process. The transcript the government now asserts is a "substantially verbatim" reconstruction of the missing portion contains such language as:

> Judge Mahoney asked me if I had the selection sheet. I said, yes your honor. The judge then looked toward (civilian counsel). (Civilian counsel), I assume, made some type of comment and some type of argument. I do not think that I myself said anything in response to (civilian counsel's) argument. I think Judge Mahoney and (the civilian counsel) had a dialogue between them. What was said I cannot remember. I do not believe I participated much in this dialogue.

The purported "reconstruction" was additionally laced with statements such as "I will try and think ... what I might have said along there"; "I cannot remember anything I said at this point"; "Exactly how Captain(s) presented these arguments, I have no recollection"; and "I am very sorry, I cannot give you more specific quotes".

The dictated recollections of the trial and defense counsel are not a substantially verbatim reconstruction of the record and cannot be considered as such. See *United States v. Desciscio, supra.* We suggest the reading of *United States v. Dornick,* 16 M.J. 642 (A.F.C.M.R.1983) for guidance

when faced with a problem of reconstructing a portion of the record. In that case we found the record, as reconstructed, to be "substantially verbatim" where the missing testimony was read by the trial counsel, trial defense counsel and the military judge. The trial counsel "read and approved the record"; trial defense counsel swore that he had assisted by providing as many of the "topics and gist of the questions as he could remember at the time", and the trial judge, through a certificate of correction, stated that the reconstruction was consistent with his "recollection of the events and testimony at trial". Finally, the court reporter, in an affidavit, stated she "added nothing to the transcript based solely on own recollection." She further stated that to the best of her knowledge and belief, the reconstructed portion of the record of trial "is complete and accurate." The Government's efforts in the case before us falls far short of this standard.

■ While the "recollections" of counsel give us some idea of what is missing from the record, the record remains incomplete in terms of Article 54, UCMJ, 10 U.S.C. § 854, and R.C.M. 1103(b)(2)(B). Accordingly, we cannot say that in its present form it is "substantially verbatim." Failure to keep a verbatim record deprives the trial court of jurisdiction to adjudge a punitive discharge. *United States v. Desciscio, supra.* We will fashion a remedy in our decretal paragraph.

■ Finally, we have examined the record of trial and have concluded that the findings of guilty are correct in law and fact and no error prejudicial to the appellant was committed except as noted above. We approve only so much of the sentence as provided for a reduction to airman first class. The findings of guilty and the sentence, as modified, are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI, concur.