**UNITED STATES**

v.

**Staff Sergeant Mizell STURKEY, FR 367–58–0418 United States Air Force.**

**No. ACM 25366.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 21 Feb. 1986.

Decided 26 Sept. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Charles E. Ambrose, Jr.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Lieutenant Colonel Robert Giovagnoni and Major Robert J. Webster, USAFR.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

STEWART, Judge:

Contrary to his pleas the accused was convicted by general court-martial with members of possessing drug paraphernalia and two instances of wrongful use of heroin. He also pleaded guilty to and was convicted of a four day absence without leave and a failure to go to his place of duty. The approved sentence includes a dishonorable discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to airman basic.

The accused has assigned a single error, i.e., that the record of trial is not substantially verbatim. We agree and have fashioned an appropriate remedy.

After completion of the trial the court reporter returned to her base of assignment in order to transcribe the record. Soon she discovered that portions of her primary and back up tapes were blank. The missing portions of the record comprised an approximate forty-five minute gap (according to the reconstruction at R–24 and 25) in the proceedings. She transcribed part of the record and sent that product to the assistant trial counsel to aid in the reconstruction. Trial counsel and assistant trial counsel reconstructed the missing proceedings on two single spaced pages. There is no indication in the record that the defense participated in the reconstruction or that trial defense counsel was invited to do so. Also, there is no signed statement verifying that defense counsel examined the record. However, defense counsel, in his *Goode*[1] response, did argue to the effect that the reconstruction was inadequate. While the military judge did authenticate the record, there is no evi-

dence that he actively participated in the reconstruction.

The reconstruction indicated that fourteen minutes of the forty-five minute gap were taken up in recess for consultation between the prosecution and the defense, leaving thirty-one minutes summarized by the reconstruction. During these thirty-one minutes the trial judge was conducting an Article 39(a), 10 U.S.C. § 839(a) session with the parties, in which the parties were arguing defense motions concerning uncharged misconduct, multiplicity, privileged communications, a bill of particulars, and suppression of the fruits of a body search. The defense's written motion submissions and the prosecution's written responses were appended to the record as appellate exhibits.

Article 54, U.C.M.J., 10 U.S.C. § 854, and R.C.M. 1103(b)(2)(B) require a verbatim written transcript of all sessions when part of the sentence adjudged exceeds that which may be adjudged by a special court martial. However, insubstantial omissions from a record of trial do not affect its characterization as a verbatim transcript. *United States v. Hensley*, 7 M.J. 740 (A.F.C.M.R.1979); *United States v. Garman*, 11 M.J. 832 (A.F.C.M.R.1981). On the other hand, as a general rule, reconstruction of a substantial portion of testimony or proceedings on a motion is not a verbatim transcript, and a presumption of prejudice, which may be rebutted, arises. We believe that the omission here is substantial. *United States v. Boxdale*, 47 C.M.R. 351 (C.M.A.1973); *United States v. Sturdivant*, 1 M.J. 256 (C.M.A.1976); *United States v. Gray*, 7 M.J. 296 (C.M.A.1979); *United States v. Lashley*, 14 M.J. 7 (C.M.A. 1982); *United States v. Desciscio*, 22 M.J. 684 (A.F.C.M.R.1986); and *United States v. Barney*, 23 M.J. 504 (A.F.C.M.R.1986).

Nevertheless, a reconstruction may be so meticulously accomplished so as to make the record "substantially verbatim" and overcome the presumption of prejudice. Such was the case in *United States v.*

1. 23 U.S.C.M.A. 367, 50 C.M.R. 1, (C.M.A.1975).

**524**

*Lashley, supra,* and *United States v. Garries,* 19 M.J. 845 (A.F.C.M.R.1985). In *Lashley,* the trial judge became aware of the court reporting malfunctions during the prosecution witness' testimony. The following day he held a two hour Article 39(a) session in which all parties, including the witness, participated in a "fill in the blanks" reconstruction. In this process trial counsel utilized a list of questions which he had retained. Similarly in *Garries* the trial judge, during trial, directed a reconstruction of a five minute omission of a key witness' testimony. The trial judge, the reporter, the witness, and all parties participated in the reconstruction utilizing the reporter's transcriptions, counsel notes, and the trial judge's copious notes. Going the extra mile, the trial judge then directed the witness to reiterate the lost testimony. *See also United States v. Watts,* 22 M.J. 909 (A.F.C.M.R.1986).

In the case before us, however, no such meticulous reconstruction took place. It was apparently an *ex parte* prosecution reconstruction. Because of this and the fact the reconstruction was a brief two page summary of approximately thirty-one minutes of argument, we are not satisfied the record is "substantially verbatim."

■ The question now becomes, since the record is not substantially verbatim, has the government otherwise successfully rebutted the presumption of prejudice? In this regard we note that the defense's motions and the government's opposition thereto are in extensive written form in the appellate exhibits. While these exhibits do contain argument, we are still left without the benefit of what was actually orally argued to the military judge in any detail. For instance, the reconstruction states, "Defense counsel made oral argument based on written motion [multiplicity], and cited no additional authority," without further elaboration. Again, with regard to the bill of particulars, it was stated, "De-

fense counsel presented oral argument, based on the authority cited in defendant's brief." This case is not like *United States v. Eichenlaub,* 11 M.J. 239 (C.M.A.1981) where a reconstructed sentence announcement overcame the presumption of prejudice because, among other factors, testimony and legal rulings were not involved. Nor is this situation where the unconstructed matter can be deemed as cumulative as in *United States v. Dornick,* 16 M.J. 642 (A.F.C.M.R.1983). The reconstruction here is just too brief to justify such a conclusion. Accordingly, we find the government has not successfully overcome the presumption of prejudice.

■ We now turn to the remedy which should be accorded the accused. Approval of a sentence which does not include a punitive discharge, and does not otherwise exceed the jurisdictional limits of a special court-martial or the nature of the previously approved punishments, is within our discretion. *United States v. Whitney,* 48 C.M.R. 519 (1974); *United States v. Desciscio, supra,* and *United States v. Barney, supra.*

We have examined the record of trial and have concluded that the findings of guilty are correct in law and fact and no error prejudicial to the accused was committed except as noted above. We approve only so much of the sentence as provides for confinement for six months, forfeiture of $426.00 pay per month for six months, and reduction to airman basic.

Senior Judge SESSOMS and Judge LEWIS concur.