# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant RICHARD MARTINEZ, JR.**
**United States Army, Appellant**

ARMY 20110570

Headquarters, 10th Mountain Division
Michael J. Hargis, Military Judge
Lieutenant Colonel Olga M. Anderson, Acting Staff Judge Advocate (pretrial)
Colonel Michael O. Lacey, Staff Judge Advocate (post-trial)
Lieutenant Colonel Olga M. Anderson, Staff Judge Advocate (new recommendation & addendum)

For Appellant: Lieutenant Colonel Jonathan Potter, JA; Captain A. Jason Nef, JA; Captain Robert Feldmeier, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

2 July 2013

-----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
-----------------------------------------------------------------

ALDYKIEWICZ, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas of possessing child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, reduction to the grade of E-1, and confinement for fifteen months. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence extending to a bad-conduct discharge, confinement for twelve months, and reduction to the grade E-1.

The case is again before the court for review under Article 66, UCMJ. During this court's first review, the court was presented with two records, an "original" and a "reconstructed" record. Neither record was a complete, properly authenticated

record of trial.  Additionally, the 27 March 2012 staff judge advocate's addendum preceding the convening authority's initial action stated, in part:

> 3.  The defense counsel alleges that clemency is justified due to the fact that the case had taken more than 120 days. I disagree that post-trial processing time in this case has been unreasonable, but still recommend some additional clemency to ameliorate any mistaken impression that the accused has been prejudiced by delay.  In my opinion, no further corrective action is required.
>
> 4.  RECOMMENDATION:  After having fully reviewed the defense submissions, only so much of the sentence extending to reduction to Private (E1), confinement for 12 months, and a bad-conduct discharge be approved and, except for the bad-conduct discharge, ordered executed. An action to accomplish this is attached (Tab A).

Appellant was sentenced to 15 months confinement and his pretrial agreement limited the period of confinement the convening authority could approve to 12 months; any other lawfully adjudged punishment could be approved.  The above quoted language is ambiguous at best and misleading at worst, making it appear as if the reduction from 15 months to 12 months, a reduction required by the pretrial agreement in the case, amounts to clemency.

On 5 March 2013, this court set aside the convening authority's action and directed assembly of one complete, accurate, and properly authenticated record of trial in accordance with Rule for Courts-Martial [hereinafter R.C.M.] 1103 and 1104 after which the record would be processed in the normal course of business in accordance with R.C.M. 1105 *et. seq.  United States v. Martinez*, ARMY 20110570, 2013 WL 1092504 (Army Ct. Crim. App. 5 March 2013) (summ. disp.).

On 7 June 2013, this court again received appellant's case for review under Article 66, UCMJ.  Both appellate and appellee counsel were afforded fifteen days to file supplemental pleadings in the case.  Upon receipt of the pleadings from both sides it became immediately apparent that this court's 5 March 2013 directive was ignored.[*]  A review of the record submitted to this court as the authenticated record

---

[*] Appellant's supplemental filing before this court again raises the "incomplete" nature of the record of trial, in essence renewing *inter alia* the same assignment of error previously raised before this court, specifically alleging "The record of trial remains substantially incomplete because it was not reauthenticated in accordance with the order of this court."

of trial reveals the same deficient record of trial previously submitted. For example, Defense Exhibits A, B, and C, and Prosecution Exhibit 19 are once again omitted from the record; counsel's errata changes were never incorporated; and, the stipulation of fact appears to be the pretrial version without modifications made at time of trial, just to name a few of the previously noted deficiencies that went unanswered. Similarly, the previously ambiguous and arguably misleading advice provided to the convening authority was unaddressed and unresolved in the new staff judge advocate's recommendation and addendum thereto.

We find ourselves once again exactly where we were when this court issued its 5 March 2013 decision. The processing of appellant's case reflects a fundamental "lack of understanding as to proper post-trial processing requirements," a "lack of attention to detail," and, simply put, "sloppy work." *United States v. Collazo*, 53 M.J. 721, 725 n. 4 (Army Ct. Crim. App. 2000). However, after the government's second strike, we again decline to avail ourselves of the drastic remedy of approving a limited sentence for an incomplete record. *See generally United States v. Lashley*, 14 M.J. 7, 9 (C.M.A. 1982). Appellant's case is returned to the convening authority to assemble a single, properly authenticated, and accurate record of trial. *See United States v. Johnston*, 51 M.J. 227, 229 (C.A.A.F. 1999); *United States v. Napier*, 20 U.S.C.M.A. 422, 424, 43 C.M.R. 262, 264 (1971). The staff judge advocate recommendation and any addendum thereto shall clarify and resolve any ambiguity created by the multiple staff judge advocate recommendations and addenda thereto previously published in appellant's case, most notably the 27 March 2012 addendum recommending clemency while simultaneously recommending approval of the pretrial agreement term of confinement. Our return of this case also affords the convening authority the opportunity to address appellant's allegation of dilatory post-trial processing associated with his case.

## CONCLUSION

The action of the convening authority, dated 21 May 2013, is set aside. The record of trial is returned to The Judge Advocate General for authentication of the record of trial in accordance with Article 54(a), UCMJ, and new staff judge advocate recommendation and action by the same or different convening authority in accordance with Article 60(c)-(e), UCMJ.

Senior Judge KERN and Judge MARTIN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court