BAKER, Chief Judge
(dissenting):
The facts in this case are novel and hopefully will not be repeated. There is no doubt that the trial transcript failed to include the entirety of Sergeant (SGT) MS’s testimony. The question presented is whether this omission was so substantial as to render the transcript nonverbatim and, if so, whether it was subject to the sentencing limitations of Rule for Courts-Martial (R.C.M.) 1103(f).
The majority concludes the “omission of the testimony of an entire merits witness is almost necessarily substantial ... because the substance of the omitted testimony presumably relates directly to the Government’s evidence on the merits” and, on this basis, it concludes Appellant’s sentence must be returned for action by the convening authority in accordance with R.C.M. 1103(f)(1), thus reversing the decision of the CCA. United States v. Davenport, 73 M.J. 373, 377-78, 379 (C.A.A.F. 2014). I disagree and therefore respectfully dissent.
A. R.C.M. 1103(b)(2)(B)
In determining whether a transcript is verbatim, the threshold question is “whether the omitted material was ‘substantial,’ either qualitatively or quantitatively.” United States v. Lashley, 14 M.J. 7, 9 (C.M.A.1982). “Sometimes the omissions are so substantial that the only remedy is a new trial,” but at other times, “the omitted material is sufficiently retrievable that a record can be salvaged and pronounced ‘substantially verbatim’” as governed by “individual factors.” Id. at 8-9 (citations omitted).
In the present case, the CCA ordered a DuBay hearing in order to determine if the omitted testimony was sufficiently retrievable such that the trial record could be salvaged and the transcript deemed substantially verbatim. Findings of fact at a DuBay hearing “will not be overturned unless they are clearly erroneous or unsupported by the record.” United States v. Leedy, 65 M.J. 208, 213 (C.A.A.F.2007). Based on testimony from witnesses including the military judge, the DuBay military judge determined that SGT MS’s testimony related primarily to the money laundering charges of which Appellant was acquitted. The CCA subsequently found the record in Appellant’s case to be “substantially verbatim and complete for appellate review purposes.” United States v. Davenport, No. 20081102, 2013 CCA LEXIS 361, at *15, 2013 WL 1896277, at *4 (Army Ct.Crim.App. April 18, 2013) It further found that SGT MS “had no information relevant to any offense of which [A]ppellant was convicted.” 2013 CCA LEXIS 361, at *14, 2013 WL 1896277, at *4. Thus, the CCA not only affirmed the DuBay hearing findings of fact, but went beyond, and concluded that SGT MS’s testimony related to money laundering charges of which Appellant was ultimately acquitted.
I agree with the CCA. First, R.C.M. 1103(b)(2)(B) states that a verbatim transcript is required for “all sessions except sessions closed for deliberations and voting.” R.C.M. 1103(b)(2)(B) (emphasis added). Of note, it does not say that a verbatim transcript is required for all witnesses. In theory, it is possible that a witness’s testimony could be qualitatively or quantitatively unimportant, even if omitted in its entirety. Here, the DuBay hearing determined that SGT MS’s testimony was primarily directed at the money laundering charges of which *380 Appellant was ultimately acquitted. Therefore, I believe that the missing testimony was not materially important to render the transcript nonverbatim.
Second, there was no evidence put forth by Appellant that the military judge’s findings of fact were “clearly erroneous” nor is this addressed by the majority opinion. The Government also notes that SGT MS’s testimony was “not referenced by the trial counsel during argument on findings, and was also never referenced by either party during the sentencing proceedings.” Brief for Appellee at 16, United States Davenport, No. 13-0573 (C.A.A.F. Mar. 31, 2014).
Further, SGT MS did not testify in the parallel coconspirator cases, underscoring that his testimony was limited to the money laundering charges specific to Appellant. Thus, while SGT MS’s testimony was omitted from the trial transcript, in my view this omission did not contain a “fact of substance or materiality to a legal or factual issue.” United States v. Nelson, 3 C.M.A. 482, 487, 13 C.M.R. 38, 43 (1953).
This case is distinguished from Lashley where this Court found prejudice because the missing testimony related to specific elements of an offense for which the appellant was ultimately found guilty. But this is unlike the present case where the missing testimony “mostly” related to money laundering charges of which Appellant .was acquitted. The majority attempts to draw a link between SGT MS’s testimony and “the seven extortion specifications,” effectively raising the specter that the missing testimony could be linked to charges of which Appellant was found guilty. Davenport, 73 M. J. at 378. In doing so, it correctly states that the DuBay military judge asked SGT MS “whether he was aware of any threats made by the [A]p-pellant and whether the [Ajppellant had ever taken money or property from ‘local nationals.’” Id. at 376. But, as reflected in the colloquy below and acknowledged by the majority, SGT MS answered this question in the negative; he did not, in fact, have any information related to these questions. Id. at 376. As the record indicates:
[TC]: Now, did any of the questioning— did any of it go into — did any of your testimony go into Sergeant Davenport receiving bribes?
.[MS]: No, they didn’t get in depth as far as asking me anything of that nature, sir.
[TC]: Okay. Or, how about anything to do with him making threats to local nationals?
[MS]: They did ask me that and I told them, “To my recollection, I never saw him make threats or anything. I never even heard anything about him making threats.”
To be sure, the DuBay military judge recognized that “[t]he full substance and extent of [SGT MS’s] testimony is not altogether clear.” That being said, the military judge noted what could be ascertained regarding SGT MS’s testimony, namely: (1) SGT MS testified pursuant to a grant of immunity and his testimony was “relatively short” as compared to other witnesses; (2) SGT MS’s testimony “mostly related to the ‘money laundering’ charges ... of which [Ajppellant was found not guilty”; (3) SGT MS was not aware of any threats made by Appellant or of any property or money taken from local nationals; (4) SGT MS denied that a meeting took place with an individual named Haider; and (5) that it was unclear whether SGT MS was asked about his reduction in rank or the underlying reason for it. On that last point, the DuBay military judge further noted that “[t]here is no evidence to suggest that such questioning ... could have affected the rights of the appellant at trial.” And that, “even if the defense counsel was unable to cross-exam [SGT MS] about the reason for his reduction in rank, there could have been no prejudicial effect on the rights of the appellant at trial.”
Based on these findings, the CCA determined not only that it was clear that “SGT MS’s testimony was on the merits and only related to the two money laundering specifications of which [A]ppellant was acquitted,” but also thát SGT MS “had no information relevant to any offense of which [A]ppellant was convicted.” 2013 CCA LEXIS 361, at *381 *14, 2013 WL 1896277, at *4 (footnotes omitted). Thus, the DuBay military judge’s findings were not clearly erroneous and the CCA did not err in its characterization of the findings. As a result, on the unusual facts of this case, I would conclude the omission was not qualitatively substantial and did not prejudice the Appellant.
B. R.C.M. 1103(f)
As a distinct point, this case raises an anomaly with respect to the application of R.C.M. 1103(f). The majority returns the case to the convening authority for the sentence limiting remedy under R.C.M. 1103(f) which comes into effect “[i]f, because of loss of recordings or notes, or other reasons, a verbatim transcript cannot be prepared.” R.C.M. 1103(f). This rule proposes two remedies for nonverbatim transcripts. R.C.M. 1103(f)(1) states the convening authority may “[ajpprove only so much of the sentence ... except that a bad-conduct discharge, confinement for more than six months, or forfeiture of two-thirds pay per month for more than six months, may not be approved.” R.C.M. 1103(f)(2) states the convening authority may also “[djireet a rehearing as to any offense of which the accused was found guilty if the finding is supported by the summary of the evidence contained in the record.” R.C.M. 1103(f)(2) (emphasis added).
R.C.M. 1103(f)(2) authorizes a rehearing only for those offenses for which the accused was found guilty. But R.C.M. 1103(f)(1)— which allows the accused to receive a sentence reduction — does not. This creates an absurd result. Specifically, this allows a sentence reduction in a case where the summarized evidence goes only to an offense for which the accused was found not guilty, yet does not allow a rehearing in the same instance (obviously double jeopardy would not permit a rehearing on a matter for which the accused was acquitted). This makes no sense and surely was not the intent of the drafters. Logic and statutory construction principles — namely, that one can derive the meaning of an ambiguous construction in the context of the words or phrases surrounding it — would suggest that R.C.M. 1103(f)(1) is similarly qualified to any offense of which the accused was found guilty.[1] If that were the case, then the application of the sentence limiting provision of R.C.M. 1103(f)(1) would be invalid because in my view the summary of evidence from SGT MS’s testimony did not relate to an offense of which Appellant was found guilty.
Therefore, I do not believe the missing testimony was sufficiently substantial to render the transcript nonverbatim nor do I believe that the sentence limiting provision of R.C.M. 1103(f)(1) applies towards offenses of which the accused was found not guilty. Accordingly, I respectfully dissent.

. The statutory construction principle of noscitur a sociis essentially means "it is known by the company it keeps.”