# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class MARIO J. LARAGUILLEN**
**United States Army, Appellant**

ARMY 20150516

Headquarters, 7th Infantry Division
Samuel A. Schubert, Military Judge (arraignment)
Kenneth W. Shahan, Military Judge (trial)
Colonel Robert F. Resnick, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Michael A. Gold, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major John K. Choike, JA; Captain Scott L. Goble, JA (on brief).

25 May 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of rape of a child in violation of Article 120b of the Uniform Code of Military Justice, 10 U.S.C. § 920b (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, twenty months confinement, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provides for a dishonorable discharge, eighteen months confinement, and a reduction to the grade of E-1.  Appellant was credited with one day of pretrial confinement credit against his sentence.

This case is before us for review pursuant to Article 66, UCMJ.  Appellate counsel raises one assignment of error, which requires discussion but no relief.  We find the issues raised by appellant, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) to be meritless.

## BACKGROUND

At trial, defense offered Defense Exhibits E and F, presentencing letters of support, into evidence. Both of these exhibits were written in Spanish. The exhibits were translated by an interpreter and read on the record in English to the court during sentencing. The military judge later entered the exhibits into evidence.

The exhibits were properly attached to the record of trial and the transcript states, "The interpreter read Defense Exhibit E and Defense Exhibit F for identification to the court-martial." The transcript of the record of trial, however, omitted the testimony of the interpreter as he translated the exhibits in English. The record of trial was authenticated and appellant failed to raise any error in his post-trial matters.

On appeal, appellant asserts the omission of the interpreter's translation on the record for Defense Exhibits E and F renders the transcript nonverbatim and the record of trial incomplete, necessitating relief under Rule for Courts-Martial [hereinafter R.C.M.] 1103(f). Subsequent to the filing of appellate briefs, we granted the government's motion to attach the transcribed audio recorded testimony from appellant's court-martial to the record of trial. The translated testimony constitutes three pages of transcript. The substance of Defense Exhibits E and F is that appellant is a "great friend" who was helpful at work.

## LAW AND DISCUSSION

"[T]he record of trial shall include a verbatim transcript of all sessions except sessions closed for deliberations and voting when [a]ny part of the sentence adjudged *exceeds six months confinement. . . .*" R.C.M. 1103(b)(2)(B) (emphasis added). UCMJ art. 54(c)(1)(A). "If testimony is given through an interpreter, a verbatim transcript must so reflect." R.C.M. 1103(b)(2)(B), Discussion. Literal compliance with the term "verbatim," meaning "[w]ord for word; in the same words," is not required, but a "substantial" qualitative omission renders a transcript nonverbatim. *United States v. Lashley*, 14 M.J. 7, 8 (C.M.A. 1982). A substantial omission will raise a presumption of prejudice but it can be rebutted by reconstituting the omitted portion of the record. *United States v. Harrow*, 62 M.J. 649, 654-55 (A.F. Ct. Crim. App. 2006).

Here, appellant's sentence exceeded six months thereby triggering the requirement for a verbatim transcript. Under the circumstances, the record of trial is verbatim because the Defense Exhibits E and F were included in the record of trial and the transcript indicated the exhibits were translated to the judge by the interpreter. Rule for Courts-Martial 1103 requires a verbatim transcript but not necessarily a Spanish to English translation.

2

LARAGUILLEN — ARMY 20150516

Even if we were to find a substantial omission rendering the transcript nonverbatim, the government subsequently provided the actual transcribed audio recorded testimony rebutting any presumption of prejudice. After reviewing the transcribed audio recorded testimony, we are convinced that the omission of the English translation was not a substantial omission and it did not prejudice appellant or deny his opportunity for clemency.

**CONCLUSION**

Upon consideration of the entire record, the findings of guilty and the sentence as approved by the convening authority are AFFIRMED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3