# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Airman DUSTIN B. WOOD
### United States Air Force

### ACM 38792

### 22 September 2016

Sentence adjudged 10 December 2014 by GCM convened at Shaw Air Force Base, South Carolina. Military Judge: Shaun S. Speranza (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 35 years, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for Appellant: Major Isaac C. Kennen.

Appellate Counsel for the United States: Colonel Laura J. Megan-Posch; Captain Matthew L. Tusing; Gerald R. Bruce, Esquire.

Before

DUBRISKE, HARDING, and C. BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

HARDING, Judge:

Upon review of the original record of trial, this court noted that Prosecution Exhibit 17 was missing. In light of the missing sentencing exhibit, Appellant requested this court remand this case to the convening authority for the limited purpose of a rehearing as to sentence. The Government subsequently provided this exhibit by motion, which was accepted by this court and added to the record of trial. Accordingly, any issue concerning this omission has been rendered moot. *See United States v. Lashley*, 14 M.J. 7, 9 (C.M.A.

1982) (stating that the presumption of prejudice from substantial omissions may be overcome by the retrieval of the missing material).

We also note the Court-Martial Order (CMO) misstates the result of trial in two respects. First, the CMO incorrectly reflects Specification 1 of Charge II in that it includes the words: "was to the prejudice of good order and discipline in the armed forces and." Following arraignment, but prior to Appellant's entry of pleas, the convening authority withdrew those words from Specification 1 of Charge II and the charge sheet was modified accordingly. Thereafter, Appellant only pled guilty to and was only found guilty of a specification of wrongful receipt of child pornography that was of a nature to bring discredit upon the armed forces under Article 134, UCMJ, 10 U.S.C. § 934—not to the prejudice of good order and discipline in the armed forces. We note this same error in the Report of Result of Trial Memorandum.

Second, the CMO incorrectly states the finding as to Specification 1 of Additional Charge I, specifically with regard to the excepted words and figures "on or about 16 March 2011" by reflecting a finding of Not Guilty for the same. The military judge found as follows for this specification and charge: "Of the Specification of Additional Charge I: Guilty, except the words and figures, 'on or about 16 March 2011,' substituting therefor the words and figures, '29 August 2011:' Of the substituted words: Guilty; Of Additional Charge I: Guilty." The military judge did not enter any finding as to the excepted language. Instead the military judge sua sponte dismissed those words concluding that since Appellant was not in an active duty status between 16 March 2011 and 29 August 2011, there was no personal jurisdiction over any offense for that period. We note this same error in the Report of Result of Trial Memorandum.

We order promulgation of a corrected CMO to accurately reflect Appellant's pleas and the military judge's findings as noted above.

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

2                                                                                    ACM 38792