# United States Navy–Marine Corps
# Court of Criminal Appeals

**UNITED STATES**

*Appellee*

v.

**Chase T. MILLER**
**Interior Communications**
**Electrician Seaman (E-2)**
**U.S. Navy**

*Appellant*

NMCCA No. 201900234

Panel 3

**O R D E R**

*Remanding Case for*
*New Post-Trial Processing*

---

Appellant was found guilty, in accordance with his pleas, of violation of a lawful general order by possessing drug paraphernalia, making a false official statement, and wrongful use of a controlled substance, in violation of Articles 92, 107, and 112a, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 892, 907, 912a (2018). The convening authority approved the adjudged sentence of confinement for twelve months, reduction to E-1, and a bad-conduct discharge.

## ERROR WITH POST-TRIAL PROCESSING: THE CONVENING AUTHORITY ACTED WITHOUT THE COMPLETE RECORD OF THE PROCEEDINGS

### A. Background

Appellant began his post-trial confinement the day he was sentenced, 8 May 2019. He was placed in post-trial "protective custody" at Lake County Correctional Facility for thirty-three days and during that time made two requests to be transferred to the general population, which were denied. Appellant also submitted two clemency requests to the convening authority requesting, among other things, suspension of the adjudged and automatic reduction in paygrade. On 10 June 2019 Appellant was transferred to the Chesapeake Brig where he was placed in medical segregation pending a medical evaluation. On 28 June 2019 Appellant submitted a post-trial motion to the military judge alleging illegal post-trial confinement and asking for a sentence reduction and additional confinement credit. The military judge conducted a post-trial hearing on 9 July 2019 to hear Appellant's motion based on allegations that his post-trial "protective custody" in civilian jail

violated the Eighth Amendment of the Constitution, Article 55, UCMJ, and Rule for Courts-Marital [R.C.M.] 1104. At the conclusion of the post-trial hearing, the military judge reserved ruling on the motion and informed counsel he would issue a written ruling within a week.

On 24 July, 2019, the convening authority took action on Appellant's court-martial, denying Appellant's clemency requests. A week later, on 31 July 2019, the military judge issued his written ruling in which he denied the defense motion for sentencing relief but found, *sua sponte*, a violation of Article 13, UCMJ, and awarded an additional fifteen days of confinement credit. Based upon the dates and omitted documents in the record of trial, it is clear that the convening authority did not have access to the Defense motion, Government's response, the military judge's written ruling, or the transcript of the post-trial hearing when he took action on Appellant's case.[1] Despite this, somehow the convening authority's action (signed a week before the military judge's ruling) accounts for the additional fifteen days of pre-trial confinement credit eventually awarded by the military judge. In fact, the date stamp on the military judge's written ruling suggests that in addition to not being *issued* by the time of the convening authority's action, or present in the record of trial, the military judge's ruling did not even *exist* prior to that time. We are thus unable to determine from the record how the convening authority's action was able to reflect the additional fifteen days of credit granted a week later by the military judge. Below is a synopsis of the time line in this case:

| | |
|---|---|
| *8 May 2019* | *Appellant sentenced* |
| *17 May 2019* | *Appellant submits clemency requests* |
| *9 Jul 2019* | *Post-trial hearing on 8th Amendment claims* |
| *11 Jul 2019* | *Statement of Trial Results* |
| ***24 Jul 2019*** | ***Convening Authority's Action*** |
| ***31 Jul 2019*** | ***Ruling on post-trial motion*** |
| *31 Jul 2019* | *Verification of record of trial* |
| *31 Jul 2019* | *Entry of Judgment* |
| *8 May 2020* | *Post-trial hearing transcribed* |

---

[1] The record of trial initially before the Court did not contain these documents, which the Government provided on appellate review. We therefore assume that the record before the convening authority at the time of his action shared the same omissions.

*10 Jun 2020   Addendum (containing missing portions)
attached to record of trial*

The record of the post-trial hearing was not transcribed until 8 May 2020 and was not verified by the military judge until 1 June 2020. On 10 June 2020 a Government motion to attach the missing portions of the record was granted and included in the appellate record. As such, we will only examine the issue concerning whether there was a "substantial omission" in the record at the time of the convening authority's action.

**B. Law and Analysis**

Whether a record of trial is incomplete is a question of law which we review de novo. "The requirement that a record of trial be complete and substantially verbatim in order to uphold the validity of a verbatim record sentence is one of jurisdictional proportion that cannot be waived." *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000); *see also* R.C.M. 1112(b)(1) (2019).[2] Whether an omission is substantial can be a question of quality as well as quantity. *See United States v. Lashley*, 14 M.J. 7, 9 (C.M.A. 1982). Substantial omissions render a record of trial incomplete, raising a presumption of prejudice. *Id.* at 8. Insubstantial omissions do not raise a presumption of prejudice or affect the record's characterization as a complete one. *Henry*, 53 M.J. at 111.

*1. The record contains substantial omissions that give rise to a presumption of prejudice*

We have previously discussed that there are "two primary points in the post-trial process during which prejudice could result from a record of trial that has substantial omissions: (1) the [Convening Authority's] action, and (2) appellate review." *United States v. Underhill*, No. 200700144, 2007 CCA LEXIS 306, at *8-*9 (N-M. Ct. Crim. App. Aug. 9, 2007) (unpublished). Because the missing portions of the record here were attached to the record

---

[2] *Henry* was based on a pre-Military Justice Act of 2016 version of the Rules for Courts-Martial. *See, e.g.,* R.C.M. 1103(b)(2)(B) (2016). The prior rule required a verbatim transcript whenever "[t]he sentence adjudged includes confinement for twelve months or more or any punishment that may not be adjudged by a special court-martial." R.C.M. 1103(b)(2)(B)(i) (2016). The rule that applies to this case requires that the "record of trial in every general and special court-martial shall include . . . [a] substantially verbatim recording of the court-martial proceedings . . . ." R.C.M. 1112(b)(1) (2019). Thus, a substantially verbatim record of trial was required in this case, even if under a different rule than that applied in *Henry*.

during appellate review, we focus solely on the impact of their omission at the convening authority's action stage of the post-trial process. Specifically, we will examine whether there was a substantial omission at the convening authority's action stage and, if so, whether the Government has rebutted any presumption of prejudice that arose from the convening authority acting on a record with a substantial omission.

In this case, the missing record of the post-trial hearing, to include the written motions and the court's ruling, comprised a significant portion of the record. The missing portions of the record consisted of 98 pages of motions, replies and exhibits. That portion of the record captured what ultimately resulted in the military judge finding a violation of Article 13, UCMJ, and awarding fifteen days of confinement credit. The military judge's written ruling is several pages and details thorough findings of fact and conclusions of law in his rationale for determining that the government violated Article 13, UCMJ. We view these omissions from the record at the time of the convening authority's action as significant in terms of quality and quantity, and find that they were substantial. As a result, these omissions create a presumption of prejudice that the Government may rebut.

### 2. The Government did not rebut the presumption of prejudice

The Government argues that the omissions were irrelevant to the convening authority's review and therefore there was no prejudice to Appellant. We disagree and find that the Government has not rebutted the presumption of prejudice for the following reasons.

The first part of the analysis begins with examining what authority and duty rested with the convening authority at the time of his action. Because all the charges in this case occurred prior to 1 January 2019, but after 24 June 2014, the version of Article 60, UCMJ, from 2016 provides the relevant limits of the convening authority's clemency authority. 10 U.S.C. § 860 (Supp. IV 2017). Under that version of Article 60, and the implementing Rules for Courts-Martial, the convening authority could not disapprove, commute, or suspend, in whole or in part, that portion of an adjudged sentence that included "(i) confinement for more than six months; or (ii) dismissal, dishonorable discharge, or bad-conduct discharge." R.C.M. 1107(d)(1)(B) (2016). However, the convening authority could disapprove, commute, or suspend, in whole or in part, any portion of an adjudged sentence not explicitly prohibited by the rule, to include reduction in paygrade. R.C.M. 1107(d)(1)(A) (2016). Appellant's request for clemency asked for just that.

With respect to clemency, the convening authority "shall consider matters timely submitted under R.C.M. 1106 and 1106A" before taking or declining to take action. R.C.M. 1109(d)(3)(A). In addition, the convening authority may

consider additional matters before taking action to include "[t]he evidence introduced at the court-martial, and any appellate exhibits, and the recording or transcription of the proceedings . . . and . . . [s]uch other matters as the convening authority deems appropriate." R.C.M. 1109(d)(3)(B). Finally, in "determining whether to take action, or to decline taking action under this rule, the convening authority shall consult with the staff judge advocate or legal advisor." R.C.M 1109(d)(2).

The record in this case establishes that the convening did consult with the staff judge advocate prior to taking action, but neither was able to review or consider the portions of the record pertaining to Appellant's post-trial motion, which were absent from the record. Indeed, the military judge's written post-trial ruling did not even exist at the time the convening authority acted. As a result of these substantial omissions, the convening authority was deprived of the ability to review materials that were within his discretion to consider, and thus to meaningfully exercise his clemency authority. We further find that since the record of trial was not complete, the Staff Judge Advocate Review or legal officer recommendation was unable to provide an informed recommendation, such that Appellant was deprived of a full opportunity for corrective action or clemency from the convening authority. *See generally United States v. Wilson,* 26 C.M.R. 3, 6 (C.M.A. 1958) ("It is while the case is at the convening authority level that the accused stands the greatest chance of being relieved from the consequences of a harsh finding or a severe sentence."). Although there is no longer a requirement that the record of trial contain a substantially verbatim transcription, in order to comply with the spirit and intent of R.C.M. 1109, the complete record of trial (without substantial omissions) should at least exist before a convening authority determines what to consider prior to taking action.

We simply do not know and cannot speculate whether the convening authority would have granted relief to Appellant had he been fully aware of the conditions of his post-trial confinement that resulted in additional confinement credit being awarded by the military judge. Although the convening authority was limited by Article 60 with regard to any action he could take in this case, the fact remains that the convening authority took action before the military judge ruled on a post-trial motion that was ultimately resolved in Appellant's favor. Although the convening authority's action somehow accounts for the additional fifteen days' credit awarded by the military judge, we have no way of determining how he accounted for that when the military judge withheld ruling on the motion until a week after the convening authority acted. Had the convening authority been aware of the judge's rationale for awarding the additional credit, the convening authority may have, consistent with his limited authority, deferred or waived Appel-

lant's reduction as a matter of clemency that was within his authority to grant.

Accordingly, it is, by the Court, this 28th day of December 2020,

**ORDERED:**

1. That the Convening Authority's Action is **SET ASIDE**.

2. That the Entry of Judgment is **SET ASIDE**.

3. That the complete record will be forwarded to a suitable convening authority for Action in compliance with R.C.M. 1110, and subsequently forwarded to the military judge to issue an Entry of Judgment in accordance with R.C.M. 1111. Finally, the record will be returned to this Court for completion of appellate review.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

Copy to:
NMCCA
45 (CDR Roper)
46 (LT Edwards, LT Rios)
02