*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
GASTON, STEWART, and HOUTZ
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Chase T. MILLER**
Interior Communications Electrician Seaman (E-2), U.S. Navy
*Appellant*

**No. 201900234**

Decided: 10 February 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary
*upon reconsideration*

Military Judge:
Roger Mattioli

Sentence adjudged 8 May 2019 by a special court-martial convened at Naval Station Great Lakes, Illinois, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for twelve months, and a bad-conduct discharge.

For Appellant:
*Commander C. Eric Roper, JAGC, USN*

For Appellee:
*Lieutenant Catherine M. Crochetiere, JAGC, USN*
*Lieutenant Joshua C. Fiveson, JAGC, USN*
*Lieutenant Kevin G. Edwards II, JAGC, USN*

*11 February 2021:*
*Administrative correction to footnote 1 to add the missing quotation mark.*

————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

————————————

PER CURIAM:

Appellant was found guilty, in accordance with his pleas, of violation of a lawful general order by possessing drug paraphernalia, making a false official statement, and wrongful use of a controlled substance, in violation of Articles 92, 107, and 112a, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 892, 907, 912a. The convening authority approved the adjudged sentence of confinement for twelve months, reduction to E-1, and a bad-conduct discharge.

On 28 December 2020, we issued an order in this case remanding this for new post-trial processing. On 27 January 2021, within thirty days of our order, the Government filed a motion for *en banc* consideration or panel reconsideration. We hereby withdraw our 28 December 2020 opinion and issue this opinion in its stead.

## I. BACKGROUND

Appellant began his post-trial confinement the day he was sentenced, 8 May 2019. He was placed in post-trial "protective custody" at Lake County Correctional Facility for thirty-three days and during that time made two requests to be transferred to the general population, which were denied. Appellant also submitted two clemency requests to the convening authority requesting, among other things, suspension of the adjudged and automatic reduction in paygrade. On 10 June 2019 Appellant was transferred to the Chesapeake Brig where he was placed in medical segregation pending a medical evaluation. On 28 June 2019 Appellant submitted a post-trial motion to the military judge alleging illegal post-trial confinement and asking for a sentence reduction and additional confinement credit. The military judge conducted a post-trial hearing on 9 July 2019 to hear Appellant's motion based on allegations that his post-trial "protective custody" in civilian jail violated the Eighth Amendment of the Constitution, Article 55, UCMJ, and Rule for Courts-Martial [R.C.M.] 1104. At the conclusion of the post-trial hearing, the military judge reserved ruling on the motion and informed counsel he would issue a written ruling within a week.

On 24 July, 2019, the convening authority took action on Appellant's court-martial, denying Appellant's clemency requests. A week later, on 31 July 2019, the military judge issued his written ruling in which he denied the Defense motion for sentencing relief but found, *sua sponte*, a violation of Article 13, UCMJ, and awarded an additional fifteen days of confinement credit. Based upon the dates and omitted documents in the record of trial, it is clear that the convening authority did not have access to the military judge's written ruling when he took action on Appellant's case. Despite this, somehow the convening authority's action (signed a week before the military judge's ruling) accounts for the additional fifteen days of pre-trial confinement credit eventually awarded by the military judge. In fact, the date stamp on the military judge's written ruling suggests that in addition to not being *issued* by the time of the convening authority's action, or present in the record of trial, the military judge's ruling did not even *exist* prior to that time.[1] We are thus unable to determine from the record how the convening authority's action was able to reflect the additional fifteen days of credit granted a week later by the military judge. Below is a synopsis of the time line in this case:

| | |
|---|---|
| *8 May 2019* | *Appellant sentenced* |
| *17 May 2019* | *Appellant submits clemency requests* |
| *9 Jul 2019* | *Post-trial hearing on 8th Amendment claims* |
| *11 Jul 2019* | *Statement of Trial Results* |
| ***24 Jul 2019*** | ***Convening Authority Action*** |
| ***31 Jul 2019*** | ***Ruling on post-trial motion*** |
| *31 Jul 2019* | *Entry of Judgment* |

## II. LAW AND ANALYSIS

Whether a record of trial is incomplete is a question of law which we review de novo. "The requirement that a record of trial be complete and substantially verbatim in order to uphold the validity of a verbatim record

---

[1] Appellee's motion for reconsideration states that "[o]n July 9, 2019 the Military Judge held a post-trial 39(a) hearing on Appellant's post-trial Motion." The following sentence then states that the "[m]ilitary judge awarded Appellant additional pre-trial confinement credit. (R. 170.)" However, the record at page 170 only reflects the military judge's analysis of *Pierce* credit for a prior nonjudicial punishment for which he awarded Appellant 23 days of credit. *See United States v. Pierce*, 27 M.J. 367, 369 (C.M.A. 1989).

sentence is one of jurisdictional proportion that cannot be waived." *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000); *see also* R.C.M. 1112(b)(1) (2019).[2] Whether an omission is substantial can be a question of quality as well as quantity. *See United States v. Lashley*, 14 M.J. 7, 9 (C.M.A. 1982). Substantial omissions render a record of trial incomplete, raising a presumption of prejudice. *Id*. at 8. Insubstantial omissions do not raise a presumption of prejudice or affect the record's characterization as a complete one. *Henry*, 53 M.J. at 111.

## A. The Record Contains Substantial Omissions That Give Rise to a Presumption of Prejudice

We have previously discussed that there are "two primary points in the post-trial process during which prejudice could result from a record of trial that has substantial omissions: (1) the [Convening Authority's] action, and (2) appellate review." *United States v. Underhill*, No. 200700144, 2007 CCA LEXIS 306, at *8-*9 (N-M. Ct. Crim. App. Aug. 9, 2007) (unpublished). Because the military judge's ruling was attached to the record during appellate review, we focus solely on the impact of its omission by virtue of its nonexistence at the convening authority's action stage of the post-trial process. Specifically, we will examine whether there was a substantial omission at the convening authority's action stage and, if so, whether the Government has rebutted any presumption of prejudice that arose from the convening authority acting on a record with a substantial omission.

In this case, the military judge's written ruling is seven pages and details thorough findings of fact and conclusions of law regarding his decision to deny the trial defense counsel's post-trial motion but to *sua sponte* determine that the government violated Article 13, UCMJ. We view this omission from the record at the time of the convening authority's action as significant in terms of quality and quantity, and find that it was substantial. The bottom line is that the military judge's ruling did not exist, in either written or oral

---

[2] *Henry* was based on a pre-Military Justice Act of 2016 version of the Rules for Courts-Martial. *See, e.g.,* R.C.M. 1103(b)(2)(B) (2016). The prior rule required a verbatim transcript whenever "[t]he sentence adjudged includes confinement for twelve months or more or any punishment that may not be adjudged by a special court-martial." R.C.M. 1103(b)(2)(B)(i) (2016). The rule that applies to this case requires that the "record of trial in every general and special court-martial shall include . . . [a] substantially verbatim recording of the court-martial proceedings . . . ." R.C.M. 1112(b)(1) (2019). Thus, a substantially verbatim record of trial was required in this case, even if under a different rule than that applied in *Henry*.

form, at the time of the convening authority's action and it addressed a significant issue that was ultimately resolved in favor of Appellant. As a result, this omission created a presumption of prejudice that the Government may rebut.

**B. The Government Did Not Rebut the Presumption of Prejudice**

The Government argues that the omission was irrelevant to the convening authority's review and therefore there was no prejudice to Appellant. We disagree and find that the Government has not rebutted the presumption of prejudice for the following reasons.

The first part of the analysis begins with examining what authority and duty rested with the convening authority at the time of his action. Because all the charges in this case occurred prior to 1 January 2019, but after 24 June 2014, the version of Article 60, UCMJ, from 2016 provides the relevant limits of the convening authority's clemency authority. 10 U.S.C. § 860 (Supp. IV 2017). Under that version of Article 60, and the implementing Rules for Courts-Martial, the convening authority could not disapprove, commute, or suspend, in whole or in part, that portion of an adjudged sentence that included "(i) confinement for more than six months; or (ii) dismissal, dishonorable discharge, or bad-conduct discharge." R.C.M. 1107(d)(1)(B) (2016). However, the convening authority could disapprove, commute, or suspend, in whole or in part, any portion of an adjudged sentence not explicitly prohibited by the rule, to include reduction in paygrade. R.C.M. 1107(d)(1)(A) (2016). Appellant's request for clemency asked for just that.

With respect to clemency, the convening authority "shall consider matters timely submitted under R.C.M. 1106 and 1106A" before taking or declining to take action. R.C.M. 1109(d)(3)(A). In addition, the convening authority may consider additional matters before taking action to include "[t]he evidence introduced at the court-martial, and any appellate exhibits, and the recording or transcription of the proceedings . . . and . . . [s]uch other matters as the convening authority deems appropriate." R.C.M. 1109(d)(3)(B). Finally, in "determining whether to take action, or to decline taking action under this rule, the convening authority shall consult with the staff judge advocate or legal advisor." R.C.M 1109(d)(2).

The record in this case establishes that the convening did consult with the staff judge advocate prior to taking action, but neither was able to review or consider the military judge's ruling on the post-trial motion. Indeed, the military judge's written post-trial ruling did not even exist at the time the convening authority acted, and nor had the military judge put his ruling on this issue on the record orally. As a result of this substantial omission, the convening authority was deprived of the ability to review material that was

within his discretion to consider, and thus to meaningfully exercise his clemency authority. We further find that since the military judge's ruling did not exist, the Staff Judge Advocate Review or legal officer recommendation was unable to provide an informed recommendation, such that Appellant was deprived of a full opportunity for corrective action or clemency from the convening authority. *See generally United States v. Wilson*, 26 C.M.R. 3, 6 (C.M.A. 1958) ("It is while the case is at the convening authority level that the accused stands the greatest chance of being relieved from the consequences of a harsh finding or a severe sentence."). Although the Rules for Courts-Martial no longer require that the record of trial contain a substantially verbatim transcription,[3] we hold the trial should be complete, and all substantive rulings of the military judge should exist, either in writing or placed orally on the record in open court, before a convening authority determines what to consider prior to taking action. We also hold that it is an abuse of the discretion conferred upon a convening authority in R.C.M. 1109(d)(3) for a convening authority take an action on the sentence prior to this point in a case.[4]

We simply do not know and cannot speculate whether the convening authority would have granted relief to Appellant had he been fully aware of the conditions of his pre and post-trial confinement that resulted in additional confinement credit being awarded by the military judge. Although the convening authority was limited by Article 60 with regard to any action he could take in this case, the fact remains that the convening authority took action before the military judge ruled on a post-trial motion that was ultimately resolved in Appellant's favor. Although the convening authority's action somehow accounts for the additional fifteen days' credit awarded by the military judge, we have no way of determining how he accounted for that when the military judge withheld ruling on the motion until a week after the convening authority acted. Had the convening authority been aware of the

---

[3] Dep't of the Navy, Judge Advocate General / Commander Naval Legal Service Command Instr. 5814.1D, Post-Trial Processing para. 4.a. (Sept. 6, 2019), requires a verbatim transcript in all general and special courts-martial tried in the Department of the Navy where a finding of guilty is reached.

[4] Taking action on a sentence prior to this point deprives the accused and crime victim from being able to submit matters under R.C.M. 1106 and 1106A. By definition, if the military judge has not ruled on a substantive motion (in this case one involving an alleged Constitutional violation) the accused and crime victim cannot address potential issues arising from said ruling that may reasonably tend to inform the convening authority's exercise of discretion under R.C.M. 1109.

judge's rationale for awarding the additional credit, the convening authority may have, consistent with his limited authority, deferred or waived Appellant's reduction as a matter of clemency that was within his authority to grant. Because the convening authority took action on the sentence prematurely, we find that he abused the discretion conferred upon him under R.C.M. 1109(d)(3).

## III. CONCLUSION

That the Convening Authority's Action and the Entry of Judgment are **SET ASIDE**. The complete record will be forwarded to a suitable convening authority for Action in compliance with R.C.M. 1110, and subsequently forwarded to the military judge to issue an Entry of Judgment in accordance with R.C.M. 1111. Thereafter, the record will be returned to this Court for completion of appellate review.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court