# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40131** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **John F. STAFFORD III** | ) | |
| **Staff Sergeant (E-5)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Special Panel** |

Appellant submitted his assignments of error to this court on 23 June 2022. Among other alleged errors, Appellant asserted that four appellate exhibits were missing from the record of trial. In addition, Appellant asserted that a two-page supplement to the Preliminary Hearing Officer (PHO) report was missing. Appellant asserts these omissions are both qualitatively and quantitatively substantial, and that this court should remand the record to the Chief Trial Judge of the Air Force Trial Judiciary in order for corrective action to be taken under Rule for Courts-Martial (R.C.M.) 1112(d).

The Government submitted its answer brief on 25 August 2022. With respect to the omissions asserted by Appellant, the Government conceded that the four appellate exhibits are missing, and that "this case should be returned to the military judge to correct the record in accordance with R.C.M. 1112(d)." The Government did not comment on Appellant's assertion that a two-page supplement to the PHO report was also missing.

We have reviewed the record of trial and concur with the parties that four appellate exhibits are missing from the record of trial. Specifically:

(1) Appellate Exhibit LXXI is described in the record as an email from the circuit trial counsel dated 20 July 2020, attached to the record as additional evidence in support of a defense motion to dismiss due to prosecutorial misconduct. The document erroneously labeled as Appellate Exhibit LXXI in the record is a copy of Appellate Exhibit LXVIII, which is a different email from the circuit trial counsel dated 27 July 2020.

(2) Appellate Exhibit CXXVI is described in the record as the military judge's ruling on a defense motion to compel and supplemental motion to compel dated 3 March 2021. The document erroneously labeled as Appellate Exhibit CXXVI in the record is a copy of Appellate Exhibit CXV, a defense motion for a continuance dated 3 March 2021.

(3) Appellate Exhibit CLXII is described in the record as the military judge's ruling on the Defense's second motion to reconsider the military judge's ruling on the Defense's motion for abatement, dated 9 March 2021. The document erroneously marked as Appellate Exhibit CLXII in the record is a copy of the Defense's second motion to reconsider the military judge's ruling on the Defense's motion for abatement, dated 7 March 2021.

(4) Appellate Exhibit CLXIII is described in the record as the Defense's second motion to reconsider the military judge's ruling on the Defense's motion for abatement, dated 7 March 2021. The document erroneously marked as Appellate Exhibit CLXIII in the record is a copy of Appellate Exhibit CLV, a defense supplemental motion to compel production and discovery, dated 7 March 2021.

With respect to Appellant's assertion that a two-page supplement to the PHO report is also missing, we note that, as Appellant states, such a supplement is listed as an attachment to the Special Court-Martial Convening Authority's transmittal of charges memorandum dated 18 March 2021. In addition, the record includes a receipt signed by Appellant on 24 February 2020 whereby Appellant acknowledges receipt of two "Supplemental Continuation Pages for PHO Report." However, the two-page supplement itself does not appear to be included in the record of trial.

A complete record of the proceedings must be prepared for any general court-martial that results in a punitive discharge or more than six months of confinement. Article 54(c)(2), UCMJ, 10 U.S.C. § 854(c)(2). The record of trial in every general court-martial shall include, *inter alia*, the exhibits, including appellate exhibits. R.C.M. 1112(b)(6). Unless it is used as an exhibit, the PHO report prepared pursuant to Article 32, UCMJ, 10 U.S.C. § 832, shall be attached to the record for appellate review. R.C.M. 1112(f)(1)(A).

"[A] substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the [G]overnment must rebut." *United States v. Harrow*, 62 M.J. 649, 654 (A.F. Ct. Crim. App. 2006) (citation omitted), *aff'd*, 65 M.J. 190 (C.A.A.F. 2007). "In assessing [ ] whether a record is complete . . . the threshold question is 'whether the omitted material was "substantial," either qualitatively or quantitatively.'" *United States v. Davenport*, 73 M.J. 373, 377 (C.A.A.F. 2014) (quoting *United States v. Lashley*, 14 M.J. 7, 9 (C.M.A. 1982)). "Omissions are quantitatively substantial unless 'the totality of omissions . . . becomes so unimportant and so uninfluential when viewed in the light of the whole record, that it approaches nothingness.'" *Id.* (omission in original) (quoting *United States v. Nelson*, 13 C.M.R. 38, 43 (C.M.A. 1953)).

"A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate. A superior competent authority

may return a record of trial to the military judge for correction under this rule." R.C.M. 1112(d)(2).

Accordingly, it is by the court on this 8th day of November, 2022,

**ORDERED:**

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, for return to the military judge for correction of the record pursuant to R.C.M. 1112(d)(2). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866. Appellate counsel for the Government shall inform the court not later than **13 January 2023**, in writing, of the status of compliance with the court's order unless the record of trial has been returned to the court prior to that date.

FOR THE COURT

ANTHONY F. ROCK, Maj, USAF
Acting Clerk of the Court