# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40497**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Alex J. MEJIA**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 16 January 2025

————————————

*Military Judge*: Jennifer E. Powell.

*Sentence*: Sentence adjudged 8 March 2023 by GCM convened at Osan Air Base, Republic of Korea. Sentence entered by military judge on 15 June 2023: Dishonorable discharge, confinement for 12 months, reduction to E-1, and a reprimand.

*For Appellant*: Major Matthew L. Blyth, USAF; Major Spencer R. Nelson, USAF.

*For Appellee*: Lieutenant Colonel J. Peter Ferrell, USAF; Major Vanessa Bairos, USAF; Major Brittany M. Speirs, USAF; Major Jocelyn Q. Wright, USAF, Mary Ellen Payne, Esquire.

Before RICHARDSON, MASON, and KEARLEY, *Appellate Military Judges*.

Judge KEARLEY delivered the opinion of the court, in which Senior Judge RICHARDSON and Judge MASON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

KEARLEY, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of three specifications involving child pornography (possession, viewing, and distribution), and two specifications of communicating indecent language, all in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1] Appellant was sentenced to a dishonorable discharge, confinement for 12 months, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings, and deferred Appellant's reduction in rank until the date the military judge signed the entry of judgment (EoJ).[2]

Appellant raises six issues on appeal: (1) whether Appellant's sentence is inappropriately severe; (2) whether this court should strike an inaccurate portion of the convening authority's reprimand; (3) whether the military judge erroneously inserted a later effective date for deferment of rank reduction into the EoJ; (4) whether omissions in the record of trial require relief or remand for correction; (5) whether the 18 U.S.C. § 922 firearm prohibition recorded on the first indorsements to the Statement of Trial Results (STR) and EoJ is unconstitutional as applied to Appellant; and (6) whether a plea agreement requiring at minimum a bad-conduct discharge renders the sentencing proceeding an "empty ritual" and thus violates public policy.[3]

We have carefully considered issues (5) and (6) and conclude they warrant neither discussion nor relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

As to issues (2) and (3), the Government agrees with Appellant that the convening authority's reprimand should be corrected and Appellant's EoJ should be corrected to reflect the correct dates of the deferment of Appellant's reduction in rank. We direct modification of the EoJ in our decretal paragraph pursuant to our authority under Rule for Courts-Martial (R.C.M.) 1111(c)(2).

---

[1] Unless otherwise noted, all references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The convening authority denied Appellant's request for suspension or deferment of all automatic forfeitures until the entry of judgment. The convening authority waived automatic forfeitures for a period of six months, or release from confinement, or expiration of term of service, whichever is sooner, with the waiver commencing 14 days after the sentence was adjudged and directed that the total pay and allowances be paid to Appellant's spouse.

[3] Appellant raised this last issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

As to the remaining issues, we find no error materially prejudicial to Appellant's substantial rights and affirm the findings and sentence as modified.

## I. BACKGROUND

On or about 21 May 2017, Appellant created an account on a microblogging and social networking platform. In November 2019, while stationed at Spangdahlem Air Base, Germany, Appellant used that platform to possess and view child pornography on his cell phone. Appellant also uploaded to his account and distributed two videos and one photo of child pornography on the platform. During this timeframe, Appellant also sought out child pornography and used his account to send indecent messages to other users of the same platform. In these messages, Appellant discussed sexually abusing children.

Appellant entered into a voluntary plea agreement with the convening authority, and agreed to plead guilty to three specifications involving child pornography—distributing, possessing, and viewing—in violation of Article 134, UCMJ. Appellant also agreed to plead guilty to two specifications involving indecent language, also in violation of Article 134, UCMJ. As part of the plea agreement, Appellant agreed to "waive all waivable motions." At trial, the military judge confirmed that Appellant did so to receive the benefit of his plea agreement. Also at trial, Appellant's counsel identified motions he would have made but for that provision in the plea agreement, and suppression of a search was not among them.

In exchange for his guilty pleas, Appellant received a limit on the sentence that could be imposed. The terms of the agreement required the military judge to adjudge a punitive discharge of at least a bad-conduct discharge and adjudge a total sentence to confinement between 3 and 12 months. Additionally, the plea agreement prohibited adjudged forfeitures. Based on Appellant's guilty pleas alone, without the plea-agreement sentence limitations, the maximum punishment authorized by law was reduction to the grade of E-1, forfeiture of all pay and allowances, confinement for 41 years, and a dishonorable discharge.

## II. DISCUSSION

### A. Omissions from the Record of Trial

Appellant asserts that two items were omitted from the record of trial: an Article 30a, UCMJ, 10 U.S.C. § 830a, proceeding, and Appellant's request for waiver of all automatic forfeitures. Appellant argues that the two omissions require relief or remand for correction. We disagree.

### 1. Additional Background

An Article 30a, UCMJ, proceeding was held on 9 April 2022. The record of the Article 30a, UCMJ, proceeding was not included in the record of trial. The Government, in a motion to attach filed simultaneously with their answer to Appellant's assignments of error, provided this court with copies of the missing documents pertaining to the Article 30a, UCMJ, proceeding. On 12 September 2024, this court granted the Government's unopposed request to attach the documents.

Next, Appellant asserts that his request for waiver of automatic forfeitures was missing from the record of trial. The record of trial includes a memorandum titled Convening Authority Decision on Action, dated 2 June 2023. The memorandum states, "This Convening Authority Decision on Action replaces my previous memos in this case, dated 24 April 2023 and 27 April 2023."[4] The convening authority's decision on action states that he considered Appellant's waiver request for all automatic forfeitures, and he granted this request for a period of six months, or release from confinement, or expiration of term of service, whichever is sooner, with the waiver commencing 14 days after the sentence was adjudged. The forfeiture of all pay and allowances was directed to be paid to Appellant's spouse for her benefit.

### 2. Law

A complete record of the proceedings, including all exhibits, must be prepared for any general court-martial that results in a punitive discharge or more than 12 months of confinement. Article 54(c)(1), UCMJ, 10 U.S.C. § 854(c)(1); R.C.M. 1103(b)(2). Whether a record of trial is complete is a question of law we review de novo. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014) (citation omitted).

"[A] substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the [G]overnment must rebut." *United States v. Harrow*, 62 M.J. 649, 654 (A.F. Ct. Crim. App. 2006) (citation omitted), *aff'd*, 65 M.J. 190 (C.A.A.F. 2007). However, "[i]nsubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000). We approach the question of what constitutes a substantial omission on a case-by-case basis. *United States v. Abrams*, 50 M.J. 361, 363 (C.A.A.F. 1999) (citation omitted). "In assessing . . . whether a record is complete . . . the threshold question is 'whether the omitted material was

---

[4] These memoranda are not in the record of trial.

"substantial," either qualitatively or quantitatively.'" *Davenport*, 73 M.J. at 377 (quoting *United States v. Lashley*, 14 M.J. 7, 9 (C.M.A. 1982)) (additional citation omitted). Omissions from the record are "qualitatively substantial if the substance of the omitted material 'related directly to the sufficiency of the Government's evidence on the merits,' . . . ." *Id.* (quoting *Lashley*, 14 M.J. at 9). "Omissions are quantitatively substantial unless 'the totality of omissions . . . becomes so unimportant and so uninfluential when viewed in the light of the whole record, that it approaches nothingness.'" *Id.* (omission in original) (quoting *United States v. Nelson*, 3 C.M.A. 482, 486 (1953).

A record of a proceeding under Article 30a, UCMJ, "shall be included in the record of trial" if the charges are referred to trial. R.C.M. 309(e). R.C.M. 1112(b) lists what the record of trial in every general and special court-martial shall include. R.C.M. 1112(f) lists items to be attached to the record of trial for appellate review. Neither a record of an Article 30a, UCMJ, proceeding nor a forfeiture waiver request is one of the required items.[5]

### 3. Analysis

As a result of this court's granting the Government's motion to attach the documents associated to the Article 30a, UCMJ, proceeding, we reviewed the documents. The proceeding included an application for a search warrant which was granted by a military judge. It appears the Article 30a, UCMJ, proceeding led to the referral of charges, and therefore the record of the proceeding should have been included in the record of trial. *See* R.C.M. 309(e).

We next consider whether we find this to be a substantial omission; we do not. At trial, Appellant waived any motion regarding the search and seizure of his account. On appeal, Appellant did not oppose the Government's motion to attach the proceedings, nor further address this issue in its reply to the Government's answer to Appellant's assignments of error. Assuming *arguendo* it was a substantial omission, we discern no prejudice.

Turning to the waiver request, Appellant acknowledges that a waiver request is not required to be part of the record of trial nor is such request required

---

[5] However, s*ee* Exec. Order No. 14,130, 89 Fed. Reg. 105343, 105360 (20 Dec. 2024), where, effective 20 December 2024, R.C.M. 1112(f)(1) is modified to read as follows: "A copy of all materials required to be provided to the military judge pursuant to R.C.M. 309(a)(3)" shall be attached to the record of trial.

to be attached to the record of trial. As such, it was not an omission under R.C.M. 1112, much less a substantial omission.[6]

Therefore, in regard to both the record of the Article 30a, UCMJ, proceeding and Appellant's waiver request, we are not persuaded any correction is required. We find no substantial omission and no relief is warranted. Further, we were able to review the documents related to the proceeding now attached to the record of trial, and have been able to complete our Article 66, UCMJ, 10 U.S.C. § 866, review of Appellant's court-martial.

**B. Convening Authority's Reprimand**

Appellant requests that this court set aside the convening authority's reference to Appellant's noncommissioned officer status in the reprimand. The Government recommends we modify the convening authority's reference to Appellant's rank as a noncommissioned officer. We agree and order modification in our decretal paragraph.

**1. Additional Background**

The convening authority issued the following reprimand:

> [Appellant] is reprimanded as follows: You are hereby reprimanded! Your decision to willingly and knowingly possess and distribute images and videos depicting sexual abuse and exploitation of children is appalling and violates all standards of human decency. You continuously exchanged indecent comments, professing your desire to participate in sexual acts with minors. Not only is your egregious conduct a significant departure from the standards expected of all members of society, but worse, your misconduct violated the high values and standards expected of you as a *non-commissioned officer* and member of the United States Air Force. You have disgraced yourself and brought discredit upon this great service with the reprehensible misconduct you committed when you thought no one was watching. I hope this conviction causes you to truly appreciate the severity of your actions and serves as a catalyst for you to take the steps necessary to be a productive member of society.

(Emphasis added).

---

[6] Additionally, we note no prejudice; Appellant's waiver request was *granted* for a period of six months for the benefit of Appellant's spouse.

The record indicates Appellant was a senior airman at the time he committed the offenses in November 2019. He was promoted to staff sergeant on 1 December 2020. Appellant did not file a post-trial motion for correction of the EoJ. R.C.M. 1003(b)(1).

### 2. Law and Analysis

As part of sentence appropriateness review, this court determines whether a reprimand is appropriate under a de novo standard. *United States v. McAlhaney*, 83 M.J. 164, 166 (C.A.A.F. 2023).

While Appellant was a staff sergeant at the time of trial in 2023, the parties agree that Appellant was a senior airman, and therefore not a noncommissioned officer, at the time he committed the offenses.

Even when an appellant does not claim prejudice from an error in the reprimand, we are constrained by Article 66(d)(1), UCMJ, to only approve sentences that are correct in law and fact.

Pursuant to this court's authority under R.C.M. 1111(c)(2), this court modifies the EoJ by disapproving the reference to Appellant's rank as a noncommissioned officer.

## C. Rank Reduction in Entry of Judgment

Appellant contends that this court should order correction of the EoJ. Specifically, it should reflect that deferment of Appellant's reduction in grade runs from the punishment effective date to the date of the EoJ—that is, from "22 March 2023" to 15 June 2023, and not from "27 April 2023" to 15 June 2023. The Government agrees that the EoJ deferment dates appear to be a typographical oversight and should be corrected, but the Government asks this court to modify the EoJ dates and not remand for correction. We agree with both parties that the dates on the EoJ should be corrected, and we agree with the Government that we can modify the dates without remand.

### 1. Additional Background

On 8 March 2023, the military judge sentenced Appellant to reduction to the grade of E-1. Applying Article 57(a)(1)(A), UCMJ, 10 U.S.C. § 857(A)(1)(A), the effective date of Appellant's sentence of reduction in grade was 22 March 2023, 14 days after the announcement of sentence. On 17 March 2023, Appellant requested suspension or deferment of reduction in grade until entry of judgment. The convening authority signed decision memoranda on 24 April 2023, and then 27 April 2023; these memoranda are not in the Appellant's record of trial. However, what is in the record of trial is a decision on action memorandum dated 2 June 2023, in which the convening authority "replaces" the

previous two memoranda, and states as follows: "On 17 March 2023, [Appellant] requested suspension or deferment of reduction in grade until the entry of judgment. Reduction in rank is deferred until the date the military judge signs the entry of judgment." Following the convening authority's 2 June 2023 decision on action, the EoJ indicates "the convening authority deferred the adjudged reduction in rank from 27 April 2023 until the date of th[e EoJ]."

### 2. Law and Analysis

The effective date of reduction in grade is 14 days after the announcement of sentence. Article 57(a)(1)(A), UCMJ. The convening authority may defer the effective date of a sentence of reduction in rank until completion of the EoJ. Article 57(b)(1), UCMJ. A Court of Criminal Appeals "may modify a judgment in the performance of their duties and responsibilities." R.C.M. 1111(c)(2); *United States v. Pullings*, 83 M.J. 205, 217 (C.A.A.F. 2023).

The military judge may have used the date the convening authority signed the second decision on action memorandum (dated 27 April 2023) as the date on which the deferment began, and not the date the reduction in rank would have taken effect. Regardless, the Government agrees with Appellant that the start date identified for the deferral of the reduction in rank in the EoJ was error, so we will presume error.

This court is able to modify the entry of judgment to reflect correct deferment dates. *See* R.C.M. 1111(c)(2). We do so in our decretal paragraph.

## D. Sentence Severity

Appellant contends the dishonorable discharge portion of his sentence is inappropriately severe in light of the "fleeting misconduct on the charge sheet." Appellant admits he "made a series of 'irrational' decisions" due to the stressors in his marriage at the time, and claims the "limited duration and scope of the conduct here merits no more than a bad-conduct discharge." Appellant then asks this court to "disapprove the dishonorable discharge." We disagree and find no relief is warranted.

### 1. Additional Background

Appellant entered into a voluntary plea agreement with the convening authority and elected to be sentenced by a military judge. The terms of the agreement required the military judge to adjudge a punitive discharge of "at least a Bad Conduct Discharge" and allowed the military judge to "adjudge a Dishonorable Discharge." The agreement also required the military judge to adjudge a total sentence to confinement between 3 and 12 months. The agreement prohibited a sentence of "forfeitures," and did not specifically prohibit any other possible punishment.

During the presentencing portion of Appellant's court-martial, the Government referenced the stipulation of fact (Prosecution Exhibit 1) which itself referenced several follow-on prosecution exhibits. These exhibits included a picture and two videos distributed by Appellant on the microblogging platform (Prosecution Exhibit 2), and three series of messages between Appellant and other application users (Prosecution Exhibit 3). In one series of messages, the Appellant solicited images from the other platform user, distributed child pornography to the user using that platform, and introduced the user to other platforms used for the distribution of child pornography. As for the two videos, one video was a repeating video loop of an adult male engaged in sexual intercourse with a child; the other video showed an adult male ejaculating on a child. The picture was an image of two young girls, one who is fully nude. Appellant's indecent communications included sharing his fantasy of sexually abusing a young girl and "breed[ing]" with a "pedomom" so he could raise children that he could sexually abuse and share with others to abuse as well.

Appellant's trial defense counsel offered multiple awards and certificates, a photo array of Appellant at various points in his career, and oral and written unsworn statements in which Appellant discussed the challenges he faced as a child, to include abuse he and his family experienced growing up. He also discussed his decision to join the United States Air Force. He described challenges he faced in his relationship with his wife, and shared some of his Air Force experiences. Appellant's counsel on appeal argues that Appellant's years of service were characterized by consistently impressive performance.

**2. Law**

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Fields*, 74 M.J. 619, 625 (A.F. Ct. Crim. App. 2015) (citations omitted). We must also be sensitive to "considerations of uniformity and even-handedness." *United States v. Sothen*, 54. M.J. 294, 296 (C.A.A.F. 2001) (citations omitted). While we have significant discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *See United States v. Nerad*, 69 M.J. 138, 148 (C.A.A.F. 2010).

"Absent evidence to the contrary, [an] accused's own sentence proposal is a reasonable indication of its probable fairness to him." *United States v. Cron*, 73 M.J. 718, 736 n.9 (A.F. Ct. Crim. App. 2014) (citation omitted). Thus, when considering the appropriateness of a sentence, we may consider that a plea

agreement to which Appellant agreed placed upper limits on the sentence that could be imposed. *See Fields*, 74 M.J. at 625–26.

### 3. Analysis

Appellant contends his sentence was inappropriately severe. Specifically, he asks this court to place the offenses in context and find the severe stigma of a dishonorable discharge is inappropriately severe "in light of the fleeting misconduct on the charge sheet" and stressors in his life at the time. Additionally, he asserts that his "continued . . . contribut[ion] at a high level despite being under extended investigation shows his resiliency and rehabilitative potential." He further argues that "[t]he limited duration and scope of the conduct here merits no more than a bad-conduct discharge." He asks that we disapprove the dishonorable discharge. We are not persuaded that his sentence, to include 12 months' confinement and a dishonorable discharge, is inappropriately severe.

The type of images in the videos and photo, combined with the series of messages Appellant shared with other platform users, indicate Appellant's interest in sexually abusing children. In particular, the language Appellant used in communicating his fantasies of hurting children was grossly offensive, vulgar, filthy, and disgusting in nature. *See Manual for Courts-Martial*, *United States* (2019 ed.), pt. IV, ¶ 105.c. Furthermore, the evidence presented at Appellant's court-martial showed that Appellant deliberately engaged in the trade of child pornography, and he did not inadvertently view or access contraband images.

During his presentencing discussion with the military judge, Appellant acknowledged that the statements he sent to others about sexually abusing young girls was "grossly offensive and shocks the moral sense due to its nature." The life stressors Appellant mentions in his unsworn statement do not excuse sharing the type of videos, photo, and grossly offensive language he did.

Additionally, Appellant's sentence was in the range of what Appellant agreed to in his plea agreement. The plea agreement specifically indicated he could receive a dishonorable discharge and confinement between 3 and 12 months. Appellant admitted to and was convicted of five specifications of violating Article 134, UCMJ, which included one specification of distribution of child pornography, one specification of possessing child pornography, and one specification of viewing child pornography, and two specifications of indecent language. The maximum punishment for these specifications included a dishonorable discharge and 41 years of confinement. Appellant's trial defense counsel argued that an appropriate sentence in this case is three months' confinement and a bad-conduct discharge.

Having given individualized consideration to Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial, we conclude Appellant's sentence is not inappropriately severe.

### III. CONCLUSION

Consistent with our authority granted under R.C.M. 1111(c)(2), the entry of judgment is modified as follows: as to "Deferments," replace "27 April 2023" with "22 March 2023;" and as to "Reprimand," delete the words "non-commissioned officer and." The findings, as entered, and the sentence, as entered and modified, are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence, as modified, are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court